IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN RACKEMANN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LISNR, INC., a Delaware Corporation, ADEPT MOBILE, LLC., a Massachusetts Limited Liability Company, and INDIANAPOLIS COLTS, INC., an Indiana Corporation,<br><br>    Defendants. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Hon. Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

## CASE MANAGEMENT PLAN

**I. PARTIES AND REPRESENTATIVES**

 A. Parties

| Plaintiff: | Defendants: |
|---|---|
| Alan Rackemann | Lisnr, Inc. |
| | Adept Mobile, LLC |
| | Indianapolis Colts, Inc. |

 B. Counsel

| For Plaintiff: | For Defendants: |
|---|---|
| | For Defendant Lisnr, Inc. |
| Benjamin S. Thomassen | |
| EDELSON PC | Jesse Jenike-Godshalk |
| 350 North LaSalle Street | THOMPSON HINE LLP |
| Suite 1300 | 312 Walnut Street |
| Chicago, IL 60654 | Suite 1400 |
| Tel: 312-589-6370 | Cincinnati, OH 45202 |
| Fax: 312-589-6378 | Tel: 513-352-6702 |
| Email: bthomassen@edelson.com | |

1

Eve-Lynn Rapp
EDELSON PC
123 Townsend Street
Suite 100
San Francisco, CA 94107
Tel: 415-212-9300
Fax: 415-373-9435
Email: erapp@edelson.com

Rafey S. Balabanian
EDELSON PC
123 Townsend Street
Suite 100
San Francisco, CA 94107
Tel: 415-212-9300
Fax: 415-373-9435
Email: rbalabanian@edelson.com

Fax: 513-241-4771
Email: jesse.jenike-godshalk@thompsonhine.com

Thomas L. Feher
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel: 216-566-5532
Fax: 216-566-5800
Email: tom.feher@thompsonhine.com

Thomas F. Zych
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel: 216-566-5605
Fax: 216-566-5800
Email: tom.zych@thompsonhine.com

Wayne M. Serra
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
Tel: 216-566-5500

For Defendant Adept Mobile, LLC

Jerrold G. Neeff
BOSTONIAN LAW GROUP
30 Newbury St.
Third Floor
Boston, MA 02116
Tel: 617-312-4904
Email: jerry@bostonianlaw.com

For Defendant Indianapolis Colts, Inc.

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER

LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204
Tel: 317-713-3500
Fax: 317-713-3699
Email: tbarnard@taftlaw.com

Eric C. Bosset
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: 202-662-5606
Fax: 202-778-5606
Email: ebosset@cov.com

Katharine Goodloe
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4965
Tel: 202-662-6000
Fax: 202-778-5505
Email: kgoodloe@cov.com

## II. JURISDICTION AND STATEMENT OF CLAIMS

A. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq., a federal statute. No issues exist with respect to personal jurisdiction or venue, and Defendants have been served.

B. <u>Plaintiff's Statement of the Case:</u>

In his Class Action Complaint and Demand for Jury Trial, (the "Complaint," Dkt. No. 1), Plaintiff alleges that Defendants violated the Electronic Communications Privacy Act (the "Wiretap Act"), 18 U.S.C. § 2510, et seq., by intercepting his private oral communications through a mobile application (the "App") that Plaintiff installed onto his smartphone for a four-month period beginning in April 2016. During that time, Plaintiff alleges that the App—by design—constantly recorded and analyzed all detectable audio (as part of its "beacon" advertising technology), including Plaintiff's private conversations, through Plaintiff's smartphone's microphone. (Compl. ¶¶ 31-32, 35.) Plaintiff neither knew about nor consented to these recordings; indeed, Plaintiff alleges that Defendants do not

3

seek users' permission to use their smartphone microphones for this purpose, nor do they ask users to opt-in to the beacon technology. (Id. ¶ 36.)

C. Defendants' Statements of the Case:

Lisnr: The Plaintiff's claim against LISNR fails both legally and factually because the beacon technology described in the Complaint does not and cannot record oral communications. The Wiretap Act only applies to the interception of content of private oral communications; LISNR's technology only perceives or processes specific, inaudible high frequency signals specifically manufactured by LISNR. Accordingly, LISNR has never acquired or used the content of any private oral communications of Plaintiff or any other app user. LISNR does not believe that the Colts mobile application can or does intercept the content of any private oral communications. Even if it did, however, LISNR cannot be liable under the Wiretap Act because it is merely the supplier of technology that others incorporated into the Colts mobile application. It has no role in the actual operation of the Colts mobile app. Plaintiff also lacks standing under Article III as interpreted by the U.S. Supreme Court in Spokeo and other cases. Based upon the deficiencies, LISNR has filed a 12(b)(6) motion to dismiss the Complaint for failure to state a claim upon which relief can granted. Finally, Plaintiff cannot satisfy the requirements for certifying a class in this action under Fed. R. Civ. P. 23.

Adept: It is Adept's position that the Complaint does not describe anything that can be characterized as a violation of ECPA and that LISNR's technology does not intercept or record human communications. As such, the Court should grant Adept's Motion to Dismiss Under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and should dismiss all claims against Adept with prejudice.

Indianapolis Colts: The Colts have filed a motion under Rule 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can granted. For all purposes relevant to this action, the Wiretap Act only prohibits the interception of content of private oral communications, without consent, and the use of such intercepted communications. The Colts mobile application does not intercept the content of any private oral communications, and the Colts have never acquired or used the content of any private oral communications of app users. The Colts mobile app thus does not violate the Wiretap Act, and app users, including Plaintiff, consented to the app when they downloaded the app. Further, the Wiretap Act does not allow for secondary liability against the Colts. Plaintiff also lacks standing under Article III as interpreted by the U.S. Supreme Court in Spokeo and other cases. Finally, Plaintiff cannot satisfy the requirements for certifying a class in this action under Fed. R. Civ. P. 23.

D. On or before **March 16, 2018**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III. PRETRIAL PLEADINGS AND DISCLOSURES

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 19, 2017**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **June 26, 2017**.

C. Defendants shall file preliminary witness and exhibit lists on or before **July 3, 2017**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 28, 2017**.

E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **August 18, 2017**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand.** The parties are instructed to email Magistrate Judge Dinsmore a copy of the settlement demand and response thereto to **MJDinsmore@insd.uscourts.gov.**

F. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 15, 2017**. Defendants shall disclose the name, address, and vita of any expert witness with regard to liability issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 19, 2018**. Plaintiff shall disclose the name, address, and vita of any expert witness with regard to damages issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 30, 2018**. Defendants shall disclose the name, address, and vita of any expert witness with regard to damages issues, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 1, 2018**.

G. If a party intends to use expert testimony in connection with Plaintiff's anticipated motion for class certification, such expert disclosures must be served on opposing counsel **no later than September 29, 2017**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for class certification. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **August 31, 2018**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1. Any party who wishes to preclude expert witness testimony at the class certification stage shall file any such objections with their responsive brief within the briefing schedule set forth herein.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 1, 2018**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI")

(1) At this time, the parties do not anticipate seeking a large volume of ESI. The parties agree that, to the extent ESI will be produced, it shall be produced as TIFF Image (DII) Load Files. Any documents produced in this matter will be accompanied by load files with searchable text (including OCR text).

Any ESI produced in this matter will also include, where reasonably available without undue burden:
- Unitization (including the production number of the first and last page of each file);
- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);
- Source information (including the identity of the custodian, or, if none, a generalized location); and
- Metadata (potentially including author, file type, date created, data modified, title, FilePath, PathToNative, sender ("from"), primary recipient ("to"), courtesy or carbon copy ("cc"), blind courtesy or carbon copy ("bcc"), subject, sent time/date, received time/data, and MD5 hash value).

(2) The parties intend to file a stipulated motion for a protective order governing the use and disclosure of non-public information produced in discovery by them and any third parties. The parties do not presently anticipate any other issue relevant to discovery in this case.

(3) In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing

6

party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. DISCOVERY[1] AND DISPOSITIVE MOTIONS

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Plaintiff's Position:
Plaintiff believes this case will be appropriate for summary judgment, as the entirety of Plaintiff's claims turns on the design and functionality of the App. Therefore, Plaintiff anticipates that the material facts will not be in dispute and an order of summary judgment will be appropriate following class certification proceedings or earlier, should Defendants move for pre-certification summary judgment.

Defendants' Positions:

Lisnr: LISNR believes that the case in general, and specifically the claims against it, are subject to summary disposition. First, LISNR's 12(b)(6) motion to dismiss should be granted as to all claims against LISNR with prejudice because the pleadings do not state a claim against a manufacturer such as LISNR and because Plaintiff lacks standing. If the Court does not grant that Motion, then LISNR believes that the case should be decided in its favor on summary judgment because there will not be a genuine issue of material fact that the technology at issue in this case does not intercept human oral communications, and because LISNR has no role in the operation of the App. In deciding a motion for summary judgment on this basis, the Court would be aided greatly by its appointment of an expert under Fed. R. Evid. 706, as detailed in Section III.F above.

Adept: It is Adept's position that the Complaint does not describe anything that can be characterized as a violation of ECPA and that LISNR's technology does not intercept or record human communications. As such, there is no genuine

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

7

      dispute as to any material fact, such that Adept is entitled to judgment as a matter of law.

      <u>Indianapolis Colts</u>: The Colts anticipate seeking summary judgment on Plaintiff's claims under the Wiretap Act (a/k/a "ECPA"), if they are not otherwise dismissed pursuant to the pending motion (Doc. Nos. 31-32). As noted above, the Colts anticipate filing an early summary judgment motion, if the court appoints an expert under Fed. R. Evid. 706, as Defendants have proposed in Section III.F above. That motion would be based on the threshold factual issue of whether the Lisnr software is even capable of intercepting oral conversations. Should such a motion be denied, the Colts anticipate taking further discovery and filing a second motion for summary judgment on other grounds, including without limitation the absence of a genuine dispute that: (1) the Colts' mobile app did not intercept the content of Plaintiff's private oral conversations, (2) any asserted interception is not attributable to the Colts, (3) Plaintiff consented to the functionality of the mobile app, (4) the Colts never used any intercepted communications, (5) the Colts are not a proper defendant because ECPA does not allow for secondary liability, and (6) Plaintiff has no standing to sue under Spokeo. The Colts expressly reserve the right to raise additional issues and arguments by dispositive motion in this action.

B.    Dispositive motions are expected and shall be filed by **April 6, 2018**; discovery relating to liability issues, including liability expert witness discovery, shall be completed by **March 9, 2018**; discovery relating to damages, including damages expert witness discovery, shall be completed by **August 10, 2018**

C.    Any discovery relating to class certification issues shall be completed by **November 13, 2017**. Plaintiff's motion for class certification shall be filed by **December 8, 2017**; Defendants shall file any response to the class certification motion on or before **January 12, 2018**, and Plaintiff shall file any reply in support of the motion on or before **February 2, 2018**.

      <u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

      If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V.   PRE-TRIAL/SETTLEMENT CONFERENCES

      The parties recommend a settlement conference in **November, 2017**.

## VI.   TRIAL DATE

      This matter will be ready for trial in or after **January, 2019**. Trial will be by **jury**. The expected length of trial will depend on the resolution of any motion for class certification and/or dispositive motions, and is therefore unknown at this time.

## VII. REFERRAL TO MAGISTRATE JUDGE

A. Case. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

## VIII. REQUIRED PRE-TRIAL PREPARATION

**A. TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.     ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.     Other Matters

At this time, the parties are not aware of any other matters that should be brought to the Court's attention.

                                        Respectfully submitted,

                                        ALAN RACKEMANN, individually and on behalf of all others similarly situated,

Dated: May 12, 2017                By: <u>/s/ Benjamin S. Thomassen</u>
                                                    One of Plaintiff's Attorneys

                                        LISNR, INC.,

Dated: May   , 2017                  By: <u>/s/ Thomas L. Feher [with consent]</u>
                                                      One of Defendant's Attorneys

                                        ADEPT MOBILE, LLC

Dated: May   , 2017                  By: <u>/s/ Jerrold G. Neeff [with consent]</u>
                                                      One of Defendant's Attorneys

                                        INDIANAPOLIS COLTS, INC.

Dated: May   , 2017                  By: <u>/s/ Eric C. Bosset [with consent]</u>
                                                      One of Defendant's Attorneys

*****************************************************************************

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **April 6, 2018**; discovery relating to liability issues, including liability expert witness discovery, shall be completed by **March 9, 2018**. |

12

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered as Amended.**

Dated:  22 MAY 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.