UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Alan Rackemann, <br>     Plaintiff, <br> <br> vs. <br> <br> LISNR, Inc., *et al.*, <br>     Defendant. | Case No. 1:17-cv-00624-TWP-MJD |

**PROTECTIVE ORDER**

**I.    INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to the following Stipulated Protective Order.

**II.    SCOPE OF PROTECTED INFORMATION**

In the course of discovery in this action, a party or non-party may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party. The parties anticipate production of the following categories of protected information: proprietary business information, including: trade secrets, such as proprietary computer code; customer or user information; financial information; names, addresses, and other information associated with any individual other than Plaintiff.

**III.    DEFINITIONS**

    A.    "CONFIDENTIAL" means any information that is nonpublic, personal, private, proprietary, and/or confidential information, the disclosure of which (whether separately or in

conjunction with other information being produced) is believed in good faith by the designating party to have the potential for causing harm or giving a competitive advantage to others and is not designated as Attorneys Eyes' Only.

B. "ATTORNEYS' EYES ONLY" means any information that is confidential, proprietary business information or highly sensitive non-public information, the disclosure of which (whether separately or in conjunction with other information being produced) the designating party believes in good faith could result in serious competitive or other harm, even in the hands of a non-competitor, or is subject to restriction from disclosure by applicable law. Attorneys Eyes' Only information may include, but is not limited to, technical or proprietary information relating to the Colts mobile application and LISNR technology (e.g., SOURCE CODE MATERIAL). To the extent any party wishes to designate other documents or categories of documents as ATTORNEYS EYES' ONLY, that party must first confer with and seek agreement from the other parties. If agreement cannot be reached, the party may move the Court for leave to designate any document or category of documents as ATTORNEYS EYES' ONLY, but only after a telephone conference with the Magistrate Judge to discuss the issue.

C. "SOURCE CODE MATERIAL" means computer source code and/or live data (that is, data as it exists residing in a database or databases).

D. "RESTRICTED CONFIDENTIAL SOURCE CODE" means any information that falls within the definition of "ATTORNEYS' EYES ONLY" and that also includes "SOURCE CODE MATERIAL."

E. "TRADE SECRET" means information that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Nothing in the foregoing paragraphs shall prevent a party or non-party from designating as "Confidential," "Attorneys' Eyes Only," or "Restricted Confidential Source Code" any other information believed in good faith to require such protection under this Order.

## IV.   DESIGNATION OF PROTECTED INFORMATION

A.   <u>Scope:</u>   This Order governs the production and handling of any protected information in this action. Any copies or reproductions, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in non-confidential general terms) Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code information shall also be treated by the receiving party as Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code pursuant to this Order. Any party or non-party who produces protected information in this action may designate it as "Confidential," "Attorneys' Eyes Only," or "Restricted Confidential Source Code" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

B.   <u>Application to Non-Parties:</u> Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these

terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

      C.     Timing and Provisional Protection: Although designations may be made at any time, the Designating Party should make a reasonable effort to designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential, Attorneys' Eyes Only, or Restricted Confidential Source Code as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

      D.     Manner of Designation: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL," "ATTORNEYS' EYES ONLY, " or "RESTRICTED CONFIDENTIAL SOURCE CODE" on each designated page of the document or electronic image, or in some other reasonably discernable manner.

      **V.**     **CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## VI. LIMITED ACCESS/USE OF PROTECTED INFORMATION

A. <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order, or with the consent of the Designating Party. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena.  Any use or disclosure of Confidential, Attorneys'

Eyes Only, or Restricted Confidential Source Code information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

    B.    <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of and affirmatively agree to be bound by the duties hereunder;

3. Third parties retained to assist in this action by an attorney described in subparagraph 2, above, including but not limited to vendors that perform document review, copying or reproduction services, or other services, provided the third party agrees in writing to be bound by the terms of this Order by signing Exhibit A;

4. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

5. Experts or consultants (whether testifying or non-testifying) employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to the terms of this Order, including agreeing not to retain past the conclusion of this action any Confidential information, and has signed the agreement that is attached hereto as <u>Exhibit A</u>; and

6. Other witnesses or persons with the Designating Party's consent or by court order.

C.  <u>Access to "Attorneys' Eyes Only" Designations:</u>   The parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

1A. Plaintiff Alan Rackemann; however, counsel for Plaintiff should limit the "Attorney's Eyes Only" information that is provided to Mr. Rackemann to only the information that, in Plaintiff's counsel's opinion, Mr. Rackemann needs to know in order to evaluate his interests and the interests of any potential or actual class that may be certified in this matter;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. In-house counsel for any party;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, provided, however, that disclosure may only be made to the extent that the information disclosed is reasonably and in good faith necessary for the expert to render analysis or opinion in this case and that each such expert or consultant agrees to be bound by this Order, including not retaining past the conclusion of this action any Attorneys' Eyes Only information, and has signed the agreement that is attached hereto as <u>Exhibit A</u>; and

5. Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

  D. For material designated "Restricted Confidential Source Code," the following restrictions apply:

1. Access to a party's or non-party's Source Code Material shall be provided only on 2 "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Each stand-alone computer shall be connected to (1) a stand-alone monitor with a screen no smaller than 21 inches, (2) a standard QWERTY keyboard, and (3) and an optical mouse. Each computer may, at the producing party's option, also be connected to a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to Section VI.D.8 and VI.D.11 below. Additionally, except as provided in Section VI.D.11 below, the stand-alone computers may only be located at the offices of the producing party's outside counsel (or another reasonable location designated by the producing party);

2. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the producing party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computers outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action;

3. The producing party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Source Code Material on the stand-alone computers;

4. Notepad++ will be installed on each stand-alone computer. The Source Code Material will be fully indexed for searching prior to the inspection of the Source Code Material. No software or hardware will be installed on the computers that monitors, tracks, or logs the activity of the reviewers;

5. Access to material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and one outside consultant or expert[1] per Receiving Party (apart from any court-appointed expert) who was retained for the purpose of this litigation (i.e. not existing employees or affiliates of a party or an affiliate of a party) and who have executed the acknowledgement attached hereto as <u>Exhibit A</u>. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that such documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

6. To the extent portions of Source Code Material are quoted in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

7. Except as set forth in Section VI.D.11 below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically;

8. The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied;

9. Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

10. If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to

the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

11. A producing party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Section VI.D.5 above to another person authorized under Section VI.D.5 above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Section VI.D.10 above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

E. <u>Review of Witness Acknowledgments:</u> At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to

non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

   F. <u>Non-Waiver Effect of Designations:</u> Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

   G. <u>In-Court Use of Designated Information:</u> If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine.*

   H. <u>Disclosure to Unauthorized Persons:</u> If information designated pursuant to this Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the Designating Party or third party, or other than in the manner authorized by this Order, the person responsible for the disclosure shall within 3 business days following the discovery of the unauthorized disclosure: (a) inform the Designating Party or third party of all pertinent facts relating to such disclosure, including

without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Order in the form of the acknowledgement attached hereto as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the protected information.

      I.      Discovery Objections.   Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VII.    CLAW-BACK REQUESTS**

      A.      Failure to Make Designation:  If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practically unable to mark or destroy any

information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B. <u>Inadvertent Production of Privileged Information:</u> If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney-client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The parties must also comply with S.D. Ind. L.R. 37-1 before seeking Court intervention to resolve any related dispute.

**VIII. DURATION/CONTINUED RESTRICTIONS**

A. <u>Handling of Designated Information Upon Conclusion of Action:</u> Upon conclusion of this action, including all appeals, the Receiving Party(ies) is/are responsible for ensuring that it returns or destroys all copies of designated information it received in this action, regardless of the medium in which the information was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness, party, counsel, or any other authorized third party, including without limitation experts and consultants, may retain designated information that it received from any other party or non-

party under this Order.  This provision does not apply to the Court or Court staff.

      B.      <u>Continued Restrictions Under this Order:</u>  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## IX.    REQUESTS TO SEAL

      A.      <u>Filing Documents Under Seal:</u> The parties shall comply with Local Rule 5-11 when filing material designated as protected information pursuant to this order, with the following exceptions:

1. If the filing party did not designate the subject information confidential, the filing party need not file a redacted version of the document as required by Local Rule 5-11(d)(2)(B).
2. The Designating Party(ies) identified according to Local Rule 5-11(d)(2)(A)(ii) must, within 14 days of service of the Motion to Maintain Document(s) Under Seal, also file a redacted (confidential portions blacked out) public version of any document that is sought to be maintained under seal.

Over-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal.

      B.      <u>Challenging "Confidential," "Attorneys' Eyes Only," or "Restricted Confidential Source Code" Designations:</u> Prior to the filing of any motion seeking to challenge the designation of information as "Confidential," "Attorneys' Eyes Only," or "Restricted Confidential Source Code" as set forth in Section V above, the parties will request a telephonic conference with the Magistrate Judge to discuss the issue, following which the contesting party may move for an order removing or altering the "Confidential" "Attorneys' Eyes Only," or "Restricted Confidential Source Code" designation with regard to such document(s).

Respectfully submitted,


_/s/ Jesse Jenike-Godshalk_____
Thomas Feher (*pro hac vice*)
Thomas F. Zych (*pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: 216-566-5605
Fax: 216-566-5800
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant LISNR, Inc.*


_/s/ Eric C. Bosset_____
Eric C. Bosset (*pro hac vice*)
Katharine R. Goodloe (*pro hac vice*)
Covington and Burling LLP
One CityCenter
850 10th St., N.W.
Washington, DC 20001
Phone: 202-662-6000
Fax: 202-662-6291
ebosset@cov.com
kgoodloe@cov.com

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204
Tel: 317-713-3500
Fax: 317-713-3699
Email: tbarnard@taftlaw.com

*Counsel for Defendant Indianapolis Colts, Inc.*


 \_/s/ Jerrold G. Neeff_____
Jerrold G. Neeff (*pro hac vice*)
The Bostonian Law Group
30 Newbury, Third Floor
Boston, MA 02116
(617) 312-4904
Jerry@Bostonianlaw.com

*Counsel for Defendant Adept Mobile, LLC*


 \_/s/ Benjamin S. Thomassen_____
Benjamin S. Thomassen
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, IL 60654
Tel: 312-589-6370
Fax: 312-589-6378
Email: bthomassen@edelson.com

Rafey S. Balabanian
Eve-Lynn Rapp
EDELSON PC
123 Townsend Street
Suite 100
San Francisco, CA 94107
Tel: 415-212-9300
Fax: 415-373-9435
Email: rbalabanian@edelson.com
erapp@edelson.com

*Attorneys for Plaintiff Alan Rackemann*


**Approved as Amended and Entered as an Order of the Court.**

Dated: 6 JUL 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Alan Rackemann,          )<br>    Plaintiff,          )<br>                          )<br>vs.                       )<br>                          )<br>LISNR, Inc., *et al.*,    )<br>    Defendant.         ) | Case No. 1:17-cv-00624-TWP-MJD |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, including without limitation the provision addressing handling and destruction of designated information upon conclusion of the action; and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Date:_____                    _____
                                                                                  Signature

                                                                                  _____
                                                                                  Printed