UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN RACKEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00624-TWP-MJD |
| | ) | |
| LISNR, INC., | ) | |
| ADEPT MOBILE, LLC, | ) | |
| INDIANAPOLIS COLTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO APPOINT EXPERT**

LISNR, Inc., Indianapolis Colts, Inc., and Adept Mobile, LLC ("Defendants") move the Court to appoint a neutral expert pursuant to Federal Rule of Evidence 706(a) to provide guidance on a phone application's ability to monitor and record human speech. For the reasons set forth below, the Court **DENIES** Defendants' Motion to Appoint Expert. [Dkt. 89.]

## I. BACKGROUND

Alan Rackemann ("Plaintiff") brought this lawsuit alleging that Defendants' mobile application (the "App") continually accesses a smartphone's microphone to record and analyze audio input for signals without the user's consent. Plaintiff alleges that, because the App constantly records all background audio, Defendants' conduct constitutes an unlawful interception of oral communications in violation of the Electronic Communications Privacy Act ("Wiretap Act"). 18 U.S.C. § 2510, *et seq.* [Dkt. 1.] Defendants now move to appoint a neutral expert pursuant to Rule 706 to address the ability of the technology to record communications.

1

## II. DISCUSSION

Defendants argue that the Court should appoint an expert pursuant to Rule 706 because the App's complicated technology is beyond the ken of non-experts to understand, and courts have appointed experts to explain many other types of complex technology. Defendants also argue that appointing an expert to inform the Court on a single issue could lead to early resolution of the case.

In response, Plaintiff argues that since there is no conflicting expert testimony or any barrier to hiring an outside expert, appointment of an independent neutral expert is not necessary. Plaintiff further argues that judges typically appoint Rule 706 experts in only two circumstances: 1) to understand the testimony of the parties' experts, and 2) when at least one of the parties failed to offer expert testimony typically due to a party's inability to pay for expert testimony. Plaintiff argues that neither of these circumstances apply and that appointing a Rule 706 expert this early would slow the judicial process. Plaintiff maintains that the relevant information will be available through the discovery process.

In reply, Defendants argue that courts can, and do, appoint experts at the early stages of cases where the expert's services will be helpful in understanding complex or technical subject matters.

Rule 706 permits a court to propose the appointment of a neutral expert when doing so would aid the adjudicative process. Fed. R. Evid. 706(a). As the Advisory Committee's Note for Rule 706 explains, "[E]xperience indicates that actual appointment is a relatively infrequent occurrence" even though "the inherent power of a trial judge to appoint an expert of his own choosing is virtually unquestioned." Fed. R. Evid. 706 advisory committee's note. Appointment of an expert under Rule 706 is "rare under virtually any circumstances" because such

appointment "interferes with adversarial control over the presentation of evidence." Wright et al., *Federal Practice & Procedure* § 6304 (2d ed. 2014). In general, judges view the appointment of a neutral expert as an "extraordinary activity that is appropriate only in rare instances in which the traditional adversarial process has failed to permit an informed assessment of the facts." Joe S. Cecil & Thomas E. Willging, *Court-Appointed Experts: Defining the Role of Experts Appointed Under Federal Rule of Evidence 706* 4 (Fed. Jud. Center 1993); *see also Antonetti v. Skolnik*, No. 3:10-cv-00158-LRH-WGC, 2013 WL 593407, *9-10 (D. Nev. Feb. 13, 2013) ("Expert witnesses should not be appointed where they are not necessary or not significantly useful for the trier of fact to comprehend a material issue in a case," and are only appropriate if the expert's opinion would "promote accurate fact finding" (internal quotations omitted)); *Carranza v. Fraas*, 471 F. Supp. 2d 8, 9 (D.D.C. 2007) (noting that Rule 706 is typically invoked in "exceptional cases" where "the ordinary adversary process does not suffice or when a case presents compelling circumstances warranting the appointment of an expert").

The most common extraordinary circumstance is indigence. Courts across the nation, including Indiana district courts, have appointed Rule 706 experts in situations where at least one party is unable to pay for expert testimony. *See, e.g.*, *Rowe v. Gibson*, 798 F.3d 622, 631-32 (7th Cir. 2015) (encouraging district courts to consider the appointment of neutral experts in Eighth Amendment deliberate indifference cases involving indigent prisoners); *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1182 (E.D. Cal. Jun. 29, 2011) ("When an indigent prisoner is proceeding pro se, however, the adversary system is more likely to fail in its pursuit of accurate factfinding.").

Courts have also appointed Rule 706 experts in situations where they require expert assistance in interpreting conflicting expert testimony and evidence. *See, e.g.*, *Turner v. Cox*, 569 Fed. App'x 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through

conflicting evidence . . . but it need not appoint an expert for a party's own benefit"); *ATA Airlines, Inc. v. Fed. Express Corp.*, 665 F.3d 882, 889 (7th Cir. 2011) ("But a judge can always appoint his own expert to assist him in understanding and evaluating the proposed testimony of a party's expert."); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 652, 665 (7th Cir. 2002) (advising trial judge to appoint a neutral expert "rather than leave himself and the jury completely at the mercy of the parties' warring experts"). In these situations, the battle of the experts has produced such obfuscation that the court needs the aid of its own expert to render fair decisions on, for example, evidentiary issues. *See, e.g.*, *ATA Airlines, Inc.*, 665 F.3d 889 (recommending that district court appoint neutral expert where assessing qualifications of proposed expert was beyond judge's expertise).

But neither of these extraordinary circumstances, reflective of a breakdown of the adversarial process, is present in this case. Neither party is indigent, so the most common scenario for neutral experts does not apply. Nor does the Court have a special need for expert testimony at this stage. Thus far, there is very little evidence, if any, through which that a neutral expert could sift. While Defendants point to cases where judges have appointed experts to help them with complex, esoteric, or complicated evidence that a lay-person would not be able to understand, those are cases where discovery had closed or where specific issues requiring a judicial determination had arisen. See *Reynolds v. Goord*, No. 98 CIV. 6722, 2000 WL 235278 (S.D.N.Y. June 22, 2000) (appointing Rule 706 expert after discovery had closed and defendants had moved for summary judgment); *Maury Microwave, Inc. v. Focus Microwaves, Inc.*, No. CV 10-03902 MMM (SSx), 2010 WL 5116141 (C.D. Cal. Dec. 9, 2010) (ordering parties to show cause regarding appointment of neutral expert to address a specific issue about how to inspect a microwave).

The Court has no need for an expert to address the issues raised to-date. While Defendants assert that appointing a Rule 706 expert now will help resolve the "threshold issue" of whether the App can record human oral communication, they fail to explain how the traditional adversarial process is insufficient to resolve the issues raised in this case. Defendants do not otherwise point to extraordinary circumstances justifying the appointment of a neutral expert. Appointment of a neutral expert is therefore inappropriate at this time.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Appoint Expert. [Dkt. 89.]

SO ORDERED.

Dated: 11 JUL 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.