UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALAN RACKEMANN<br><br>                    Plaintiff,<br><br>   v.<br><br>LISNR, INC. *et al.*,<br><br>                    Defendants. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

**DEFENDANT LISNR'S BRIEF IN SUPPORT OF PLAINTIFF ALAN RACKEMANN'S MOTION TO MAINTAIN DOCUMENTS UNDER SEAL (DKT. 145)**

Pursuant to Local Rule 5-11, Defendant LISNR, Inc. ("LISNR") requests that the Court continue to maintain under seal certain documents that Plaintiff Alan Rackemann ("Plaintiff") recently filed in connection with his opposition to Defendants' Motion to Compel. There is good cause to maintain these documents under seal because the documents were not filed in support of a dispositive motion on the merits, such as a motion for summary judgment; the documents contain LISNR's highly confidential information; Plaintiff—not LISNR—is the party that filed these documents with the Court; and neither the public nor the press has expressed any overriding interest in having these documents made public. Pursuant to Local Rule 5-11(e)(3), on October 18 and 20, 2017, LISNR's counsel communicated with counsel for the other parties in this case and confirmed that they do not oppose maintaining the seal on the documents addressed in this brief.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 29, 2017, LISNR and the Colts filed their Motion to Compel Plaintiff to Produce Documents and Information Regarding the "Forensic Accounting" (Dkt. 130). On October 6, 2017, Plaintiff filed his Memorandum in Opposition (Dkt. 141) to which he attached

the Declaration of Benjamin S. Thomassen (Dkt. 142), as well as three exhibits (Dkt. 143, 143-1, 143-2, 143-3). Plaintiff filed all of these materials under seal and, at the same time, filed a Motion to Maintain Documents Under Seal (Dkt. 145).

In his Motion to Maintain Documents Under Seal, Plaintiff explained why he had made his filings under seal: the three exhibits attached to his Thomassen Declaration were documents that LISNR, the Colts, and Defendant Adept Mobile LLC ("Adept") (collectively "Defendants") had previously produced with designations of "confidential" or "attorneys' eyes only" under the Protective Order (Dkt. 112) in this case. Adept had previously produced Exhibit 1 (Dkt. 143-1) with a designation of "confidential." LISNR had previously produced Exhibit 2 (Dkt 143-2) with a designation of "attorneys' eyes only," and the Colts had previously produced Exhibit 3 (Dkt 143-3) with a designation of "confidential."

In his Motion to Maintain Documents Under Seal, Plaintiff invited Defendants to make a filing in response to, or in support of, the Motion. (Dkt. 145 at ¶ 5.) LISNR now accepts this invitation and asks the Court to maintain the seal on Exhibit 2 (Dkt 143-2) in its entirety and on a block quote from Exhibit 2, which spans pages 4 to 5 of Plaintiff's Memorandum in Opposition to Motion to Compel (Dkt. 141).[1]

Exhibit 2 is an "Audio Session Guide" created by LISNR. (Declaration of Rodney Williams ("Williams Dec.") (attached hereto as Exhibit A) at ¶ 2.) The guide includes portions of LISNR's proprietary software code, which have been redacted, but even the un-redacted portion of the guide discusses the details of how LISNR's code and SDK operate. (*Id.*) LISNR considers this information highly sensitive, confidential, and proprietary information relating to

---

[1] Pursuant to Local Rule 5-11(d)(3), LISNR consents to the unsealing of the Declaration of Benjamin S. Thomassen (Dkt. 142), "Exhibits to the Declaration of Benjamin S. Thomassen" (Dkt. 143), Exhibit 1 (Dkt. 143-1), and Exhibit 3 (Dkt. 143-3).

LISNR's technology. (*Id.* ¶ 3.) As such, LISNR only shares the "Audio Session Guide" with its customers, who have entered into contracts that restrict the further dissemination of this information. (*Id.* ¶ 4.)

## LEGAL ARGUMENT

**I.     Case Law Regarding Sealing and Public Access to Documents**

"Once filed with the court . . . '[d]ocuments that affect the disposition of federal litigation are presumptively open to public view . . . unless a statute, rule, or privilege justifies confidentiality.'" *City of Greenville v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)). The operative words here are "affect the disposition of litigation." *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002) (Seventh Circuit precedents "hold that the *dispositive* documents in any litigation enter the public record."). Seventh Circuit precedent suggests that there is no public right of access to documents filed in connection with discovery motions—as opposed to dispositive motions. In *Bond v. Utreras*, the Seventh Circuit stated that "the public does not acquire a right to access discovery material just because a judge might review it in camera in the course of discovery proceedings." 585 F.3d 1061, 1075 n.8 (7th Cir. 2009). There, the Seventh Circuit quoted with approval the distinction that the Eleventh Circuit made in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001): "material filed with discovery motions [e.g. motions to compel] is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits [e.g. a motion for summary judgment] is subject to the common-law right."

3

Even where the public has a right of access to documents, a party can overcome this right by showing good cause to keep the documents under seal. *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). The party must show that the documents at issue "meet the definition of trade secret or other categories of bona fide long-term confidentiality." *Bond*, 585 F.3d at 1075.

Finally, in deciding whether to unseal documents, courts have considered two additional factors. First, they have examined whether the party seeking to keep the documents under seal is the party that filed the documents with the court. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2008 U.S. Dist. LEXIS 92557, at *21–22 (N.D. Ill. May 23, 2008); *Chicago Tribune*, 263 F.3d at 1312. If the party did not voluntarily file the documents with the court, this strengthens the party's claim that the documents should not be made public. *See id.* Second, courts also have considered whether "members of the public [or] the press are seeking . . . disclosure" of the documents. *Trading Techs.*, 2008 U.S. Dist. LEXIS 92557, at *22.

## II. This Court Should Maintain the Seal on Exhibit 2 and on the Block Quote From Exhibit 2 in Plaintiff's Memorandum in Opposition to Motion to Compel.

This Court should keep Exhibit 2, as well as a small portion of Plaintiff's Memorandum in Opposition, under seal for at least three reasons. First, the Court is not relying on these documents to decide a dispositive motion. Plaintiff filed these documents to oppose a discovery motion—a motion to compel—not a dispositive motion on the merits. *See Bond*, 585 F.3d at 1075 n.8 (endorsing this distinction from *Chicago Tribune*, 263 F.3d at 1312–13); *see also Baxter Int'l*, 297 F.3d at 547 (Seventh Circuit precedents "hold that the *dispositive* documents in any litigation enter the public record.").

Second, the Court should not unseal the filings at issue because Plaintiff—not LISNR— made these filings with the Court. This is not a case where LISNR voluntarily placed these

filings in the record, but then decided it did not want them to be public. This is also not a case where the public or the press has sought access to these documents. Thus, there is little to no public interest in favor of disclosing these documents.

Third, the Court should not unseal these documents because they contain highly confidential information that disclose LISNR's proprietary technology. Exhibit 2 – and the block quote from Exhibit 2 – each discuss the details of how LISNR's code and SDK operate. LISNR considers this information highly sensitive, confidential, and proprietary information relating to LISNR's technology. (Williams Dec. at ¶ 3.) If this information were made public, LISNR's competitors could use this information to improve their own products and services and to more effectively compete with LISNR, thus harming LISNR in the marketplace. (*Id.*) Because of these risks, LISNR has taken reasonable, concrete steps to protect this information from public disclosure. *See* Uniform Trade Secrets Act (UTSA) § 1(4) (to be a trade secret, information must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy"). LISNR only shares the "Audio Session Guide" with its customers, who have entered into agreements that restrict the further dissemination of this information. (Williams Dec. at ¶ 4.) In addition, when LISNR produced the guide to Plaintiff in this litigation, LISNR designated the guide "attorneys' eyes only"—again to restrict the dissemination of this highly sensitive document. (*Id.*) Given how sensitive the information in this document is, further redacting Exhibit 2 is not sufficient to protect LISNR's interests. (*Id.* ¶ 5.) Instead, the entire exhibit—and the block quote from the exhibit—should remain under seal. (*Id.*)

## CONCLUSION

For these reasons, LISNR requests that the Court maintain the seal on Exhibit 2 (Dkt 143-2) in its entirety and the seal on a block quote from Exhibit 2, which is included in Plaintiff's Memorandum in Opposition to Motion to Compel (Dkt. 141) at pages 4 to 5.

Respectfully submitted,

_/s/ Jesse Jenike-Godshalk_____
Thomas Feher (*pro hac vice*)
Thomas F. Zych (*pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114
Phone: 216-566-5605
Fax: 216-566-5800
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant LISNR, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on October 20, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  */s/ Jesse Jenike-Godshalk*