UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ALAN RACKEMANN

            Plaintiff,

v.

LISNR, INC. *et al.*,

            Defendants.

Case No. 1:17-cv-00624-TWP-MJD

Judge Tanya Walton Pratt

Magistrate Mark J. Dinsmore

**DECLARATION OF RODNEY WILLIAMS IN SUPPORT OF DEFENDANT LISNR'S
BRIEF IN SUPPORT OF PLAINTIFF ALAN RACKEMANN'S
MOTION TO MAINTAIN DOCUMENTS UNDER SEAL (DKT. 145)**

Rodney Williams, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am the founder and Chief Executive Officer of Defendant LISNR, Inc.

2. LISNR is asking the Court to maintain the seal on Exhibit 2 (Dkt 143-2) and on a block quote from Exhibit 2, which is included in Plaintiff Alan Rackemann's Memorandum in Opposition to Motion to Compel (Dkt. 141 at 4–5). Exhibit 2 is an "Audio Session Guide" created by LISNR. The guide includes portions of LISNR's proprietary software code, which have been redacted, but even the un-redacted part of the guide discusses the details of how LISNR's code and SDK operate. In his Memorandum in Opposition to Motion to Compel, Plaintiff block quotes material from the guide that likewise discusses how LISNR's SDK operates.

3. LISNR considers all of the information in Exhibit 2 highly sensitive, confidential, and proprietary information relating to LISNR's technology. If this information were made public, LISNR's competitors could use this information to improve their own products and services and to more effectively compete with LISNR, thus harming LISNR in the marketplace.

1

4. Because of the competitive sensitivity of this information, LISNR only shares the "Audio Session Guide" with customers that have entered into agreements that restrict the further dissemination of this information. In addition, when LISNR produced the guide to Plaintiff in this litigation, LISNR designated the guide "attorneys' eyes only"—again to restrict the dissemination of this highly sensitive document.

5. Given the substantial competitive sensitivity of the information, further redacting Exhibit 2 is not sufficient to protect LISNR's interests. Instead, LISNR's interests can only be adequately protected by keeping all parts of, and quotes from, Exhibit 2 under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 19, 2017