| | |
|---|---|
| ALAN RACKEMANN<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>LISNR, INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

# **DEFENDANT/COUNTERCLAIM-PLAINTIFF LISNR'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM-DEFENDANT'S MOTION FOR LEAVE TO AMEND COMPLAINT AND SCHEDULING ORDER**

Thomas Feher (*pro hac vice*)
Thomas F. Zych (*pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: 216-566-5605
Fax: 216-566-5800
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant/Counterclaim-Plaintiff LISNR, Inc.*

**INTRODUCTION**

Defendant/Counterclaim-Plaintiff LISNR, Inc ("LISNR") has joined in defendants' joint Response In Opposition to Plaintiff's Motion For Leave to Amend Complaint and Scheduling Order (Dkt. 185). In addition to the arguments set forth therein, there are several reasons particular to LISNR why Mr. Rackemann's motion to "substitute" and amend his claims should be denied. First, Mr. Rackemann cannot dismiss himself from LISNR's counterclaims via a motion to substitute by amendment. Such a dismissal is governed by Rule 41, which he has not invoked.

Second, it is now clear that Mr. Rackemann and his agents at Edelson PC never had any evidentiary basis to contend, as alleged in both the original Complaint (Dkt. 1) and proposed Amended Complaint (Dkt. 177-2), that any version of LISNR's technology intercepted actual human oral communications in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.* (the "Wiretap Act"). Thus, the original Complaint is meritless, and the proposed Amended Complaint is futile.

**ARGUMENT**

**A. This Court Should Deny The Motion for Leave to Substitute Another Named Plaintiff Because LISNR's Counterclaims Are Pending.**

Mr. Rackemann seeks through his Motion to dismiss himself from this case and to have another plaintiff, Jeff Evans, step into his shoes. In announcing the plan to seek substitution by amendment, Plaintiff's counsel indicated that the planned substitution would "effectively eliminate" LISNR's counterclaims. In actually seeking leave to amend, however, Mr. Rackemann completely ignores LISNR's counterclaims and any affect those counterclaims may have on his requested relief. Reading Mr. Rackemann's motion in isolation, one would think the counterclaims never existed. But LISNR has asserted at least two counterclaims based

specifically on the conduct of Mr. Rackemann and his agents—conduct that Mr. Rackemann has acknowledged and which has nothing to do with Mr. Evans:

- Count I for Spoliation of Evidence is based on Mr. Rackemann's deletion of the App from his phone;

- Count II for Abuse of Process is based on Mr. Rackemann's filing two baseless suits against LISNR and prosecuting those suits for more than a year for the purpose of injuring LISNR's business reputation and extracting monies from LISNR unrelated to the value of his purported claim.

- Count III seeking a declaratory judgment that the App does not record human oral communications or violate the Wiretap Act. This Count does also apply as to Mr. Evans, as well as any of the over 100 others people that the Edelson firm purports to have recruited to join Mr. Rackemann's efforts to assert these baseless claims in these or other matters.

(Counterclaims (Dkt. 166) at ¶¶ 37–53.)[1]

At this point in the litigation, Mr. Rackemann cannot merely walk away from this case, especially not by a Motion that acknowledges he never had the basis to bring this lawsuit. Even if he could voluntarily dismiss his suit, LISNR's counterclaims must "remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Likewise, even if the Court involuntarily dismisses Mr. Rackemann's claims for lack of standing—as requested in defendants' joint Response In Opposition to Plaintiff's Motion For Leave—the counterclaims will remain, as long as the Court has an independent basis for exercising federal jurisdiction over the counterclaims. *Eli v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 752 (7th Cir. 2013) ("If there is no jurisdiction over the plaintiff's suit, there would be jurisdiction over the counterclaims only if, were it filed as a free-standing suit, it would be within federal jurisdiction."). Here, there is diversity jurisdiction between LISNR and Mr. Rackemann and, separately, there is federal question jurisdiction over Count III of the Counterclaim with pendent, supplemental, or ancillary jurisdiction over the

---

[1] If and when Mr. Rackemann's claims are dismissed, LISNR will also assert its claim for malicious prosecution.

remaining counts. (Counterclaims (Dkt. 166) at ¶ 3.) The counterclaims will remain pending.

Further, these counterclaims cannot simply be "transferred" to Mr. Evans. Mr. Rackemann, not Mr. Evans, deleted the App from Mr. Rackemann's phone. Mr. Rackemann, not Mr. Evans, initiated and pursued baseless litigation against LISNR for more than a year.[2] Because these counterclaims cannot be asserted against Mr. Evans, Mr. Rackemann must remain in the case as a counterclaim-defendant, and his Motion seeking to substitute Mr. Evans for him should be denied. *See Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798, 799, 802 (N.D. Ohio 2007) (under similar circumstances, denying motion for leave to file second amended complaint and holding that "named Plaintiffs must remain in this action not only as counterclaim defendants but also as Plaintiffs").

**B.     This Court Should Deny Leave to File the Amended Complaint Because the Amendment is Futile Where There Is No Evidentiary Basis for Alleging that the App Intercepts Oral Communications in Violation of the Wiretap Act.**

Mr. Rackemann's counsel and expert have already examined all of LISNR's relevant source code, and that code demonstrates that the App didn't allow LISNR—or any other defendant—to engage in conduct prohibited by the Wiretap Act.

When Congress enacted the Wiretap Act in 1968, it made clear that its concern was with third parties secretly overhearing the *substance* of private conversations: "Every *spoken word* relating to each man's personal, marital, religious, political, or commercial concerns can be intercepted by an unseen auditor [i.e. a person listening] and turned against the speaker to the auditor's advantage." S. Rep. No. 90-1097, at 2154 (1968) (emphasis added). Similarly, as the Seventh Circuit had observed just a few years earlier, "[i]nterception connotes a situation in which by surreptitious means a third party overhears a . . . conversation between two persons."

---

[2] This same analysis applies to the claim for malicious prosecution LISNR will assert upon dismissal of Rackemann's claims.

*United States v. Pasha*, 332 F.2d 193, 198 (7th Cir. 1964) (interpreting the Communications Act of 1934, 47 U.S.C. § 605, a predecessor to the Wiretap Act).

Consistent with these statements, the Wiretap Act was written to prohibit third parties from "intercepting" "the contents" of "oral communications." *See* 18 U.S. § 2510(4). Here, "'intercept' means the aural or other acquisition'"; "'oral communication' means any oral communication uttered by a person exhibiting an expectation" of privacy; and "'contents' . . . includes any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(2), (4), (8). What the Wiretap Act thus prohibits is acquiring something intelligible to human perception that carries a conversation's actual contents (i.e., sounds in the frequency range in which intelligible human speech is carried).

In applying the Wiretap Act, courts have been mindful of the purpose for which it was enacted—to prevent third parties from surreptitiously listening to private conversations. Thus, for an interception to occur and for liability to attach under the Act, a person must either listen to a private conversation as it is happening **or** record the conversation—so that it can be heard later. *See*, *e.g.*, *United States v. Lanoue*, 71 F.3d 966, 981 (1st Cir. 1995) ("intercepted [either] by listening [live] or by tape recording and *listening* thereafter" (emphasis added)); *Deal v. Spears*, 980 F.2d 1153, 1157–58 (8th Cir. 1992) (phone calls intercepted either by listening live or by recording such that the calls could be listened to later); *see also United States v. Murdock*, 63 F.3d 1391, 1394–96 (6th Cir. 1995) (stating that *Deal* is the "best expression of the law").

Courts have applied this principle to find no there is violation of the Wiretap Act where a microphone was picking up audio and transmitting the output from the microphone to another location. There was no violation because there was no person listening to what the microphone picked up and there was no "preservation for listening purposes" (*i.e.* a recording for later

listening). *See, Sanders v. Robert Bosch Corp.*, 38 F.3d 736, 739, 742 (4th Cir. 1994). Courts have also applied this principle to find no interception and no violation of the Wiretap Act where "a locally installed software program" running on the plaintiff's device scanned the contents of the plaintiff's communications, but did not transmit those communications off of the device or record the communications. *Halperin v. Int'l Web Servs., LLC*, 70 F. Supp. 3d 893, 902–03 (N.D. Ill. 2014) (collecting cases).

In the present case, there is no evidence that defendant could or actually did listen in on any user's conversations. Likewise, it is also clear that there was no "recording" of the kind prohibited by the Wiretap Act. REDACTED



[3]

REDACTED

Whatever

---

[3] This is a fact that was known by Edelson PC before they filed the lawsuit. The documents produced from the "forensic accounting" include internal discussions where the lawyers acknowledged that the App is either "hearing but not listening" or "listening but not hearing." (Counterclaims (Dkt. 166) at ¶ 16.)

semantic games Mr. Rackemann might seek to play regarding the meaning of "recording" in general, it is certainly not a "recording" for the purpose of the Wiretap Act, which is aimed at recordings that can be used to listen to conversations after the fact.

As in *Sanders*, the App may turn on microphones that, in turn, pick up some sound, but no person is listening to those sounds through the App. 38 F.3d at 742. There is no "preservation for listening purposes," REDACTED *Id.* Similarly, as in *Halperin*, REDACTED, but the App does not transmit conversations off of the phone or record those conversations for later consumption. 70 F. Supp. 3d at 902–03. The App clearly does not intercept the content of human oral communications, because it does not intercept the "substance, purport, or meaning" of oral conversations. *See* 18 U.S.C. §2510(8). Thus, there can be no liability under the Wiretap Act.

The proposed amended claims are every bit as defective as the last iteration. At some point, the baseless allegations must stop. There is no scenario where Mr. Evans or Mr. Rackemann (or any other Edelson Plaintiff) can demonstrate a violation of the Act. Thus, the proposed amendment is futile, and the Motion should be denied.

## CONCLUSION

Mr. Rackemann and his agents should never have alleged violations of the Wiretap Act in the first place, and they should not now be permitted to transfer these flawed claims to Mr. Evans so that he can reassert them against LISNR. Even if these claims could be transferred, Mr. Rackemann must remain in the case as a counterclaim-defendant. For these reasons, the Court should deny Mr. Rackemann's Motion for Leave to Amend Complaint and Scheduling Order and, for the reasons stated in the defendants' joint Response in Opposition, the Court should

dismiss Mr. Rackemann's claims in their entirety.

>Respectfully submitted,
>
> _/s/ Jesse Jenike-Godshalk_
> Thomas Feher (*pro hac vice*)
> Thomas F. Zych (*pro hac vice*)
> Thompson Hine LLP
> 3900 Key Center
> 127 Public Square
> Cleveland, Ohio 44114
> Phone: 216-566-5605
> Fax: 216-566-5800
> Tom.Feher@ThompsonHine.com
> Tom.Zych@ThompsonHine.com
>
> Jesse Jenike-Godshalk (*pro hac vice*)
> Thompson Hine LLP
> 312 Walnut Street, Suite 1400
> Cincinnati, Ohio 45202
> Phone: 513-352-6702
> Fax: 513-241-4771
> Jesse.Godshalk@ThompsonHine.com
>
> *Attorneys for Defendant/Counterclaim-Plaintiff LISNR, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on December 11, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                         */s/ Jesse Jenike-Godshalk*