UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ALAN RACKEMANN<br><br>                    Plaintiff,<br><br>     v.<br><br>LISNR, INC. *et al.*,<br><br>                    Defendants. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

**BRIEF IN SUPPORT OF DEFENDANT LISNR'S
MOTION TO MAINTAIN DOCUMENT UNDER SEAL**

Pursuant to Local Rule 5-11, Defendant LISNR, Inc. ("LISNR") files this Brief in Support of Motion to Maintain Document Under Seal. There is good cause to maintain the seal on paragraph 77 of LISNR's Second Amended Answer and Counterclaims, because it describes findings based on LISNR's highly confidential source code.

### BACKGROUND

On September 19, 2017, Plaintiff Alan Rackemann's putative expert, Dr. Andrew C. Blaich, reviewed LISNR's proprietary source code at the offices of LISNR's counsel. Pursuant to the Protective Order in this case (Dkt. 112), LISNR has designated its source code RESTRICTED CONFIDENTIAL SOURCE CODE. Based on his review of LISNR's code, Dr. Blaich prepared an expert report, which discusses the details of how he believes LISNR's proprietary technology operates. Because the report was based on the confidential source code of both LISNR and Defendant Adept, Plaintiff designated Dr. Blaich's expert report RESTRICTED CONFIDENTIAL SOURCE CODE. After serving his report, Dr. Blaich sat for his deposition, where he further discussed and opined on aspects of LISNR's technology that he had learned through reviewing LISNR's code.

1

On January 10, 2017, LISNR filed its Second Amended Answer and Counterclaims. In paragraph 77, LISNR refers to Dr. Blaich's report and deposition, quotes from Dr. Blaich's deposition testimony, and describes what Dr. Blaich learned from his review of LISNR's code.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(c)(1)(G) specifically provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Consistent with Rule 26, the Seventh Circuit has provided that sealing certain public filings may be warranted "in order to protect trade secrets or other compelling interests in secrecy." *Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002); *see also Wisconsin Alumni Research Found. v. Apple. Inc.*, 2015 WL 6453837, at *1 (W.D. Wis. Oct. 26, 2015). "A party's confidential source code falls within a trade secret or confidential business information warranting protection." *Wisconsin Alumni*, 2015 WL 6453837, at *1; *see also Apple, Inc. v. Samsung Electronics Co.*, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *Metavante Corp. v. Emigrant Sav. Bank*, 2008 WL 1969596, at *3 (E.D. Wis. May 5, 2008) (acknowledging that a party's source code contained "confidential business information").

Here, LISNR's source code is a valuable trade secret that LISNR keeps confidential and does not publicly share. Thus, LISNR has taken concrete steps in this litigation to maintain the secrecy of its source code. When LISNR made its source code available—in response to Plaintiff's document requests—LISNR designated the source code RESTRICTED CONFIDENTIAL SOURCE CODE. LISNR further insisted that Dr. Blaich's report, which is

based on LISNR's source code, be designated RESTRICTED CONFIDENTIAL SOURCE CODE.

Paragraph 77 of the Second Amended Answer and Counterclaims describes findings about LISNR's technology that are based on Dr. Blaich's review of LISNR's proprietary code. If this information were made public, LISNR's competitors could appropriate aspects of LISNR's technology, improve their own products, and better compete with LISNR, causing LISNR harm in the marketplace. Thus, there is good cause to maintain paragraph 77 under seal and to redact this paragraph in any publicly-filed version of the Second Amended Answer and Counterclaims.

LISNR's Second Amended Answer and Counterclaims additionally contains references to and quotes from several documents produced by Plaintiff and designated by Plaintiff as CONFIDENTIAL under the Protective Order. Those references and quotes would require redaction in any publicly-filed version of the Second Amended Answer and Counterclaims only if Plaintiff seeks to maintain those designations in response to the instant Motion to Maintain Document Under Seal. For this reason, LISNR is not able at this time to recommend or determine the entire scope of redaction appropriate for any publicly-filed version of the Second Amended Answer and Counterclaims.

## CONCLUSION

For these reasons, LISNR requests that the Court maintain the seal over paragraph 77 of LISNR's Second Amended Answer and Counterclaims.

Respectfully submitted,

/s/ *Thomas Feher*_____
Thomas Feher (*pro hac vice*)
Thomas F. Zych (*pro hac vice*)
Thompson Hine LLP

3900 Key Center
127 Public Square
Cleveland, Ohio  44114
Phone: 216-566-5605
Fax: 216-566-5800
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant LISNR, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on January 10, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                               */s/ Thomas Feher*