# **Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN RACKEMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LISNR, INC., a Delaware Corporation, ADEPT MOBILE, LLC, a Massachusetts Limited Liability Company, and INDIANAPOLIS COLTS, INC., an Indiana Corporation<br><br>Defendant. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Hon. Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

**PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

With their typical table-pounding incredulity that anyone could possibly think that turning on a consumer's phone's microphone without notice or consent might violate federal privacy laws, Defendants seek leave to file a surreply in further opposition to Plaintiff's motion for leave to amend. (Dkts. 227, 227-1.) For the most part, the proposed surreply fails to address any new arguments or evidence raised in Plaintiff's reply brief, and instead simply rehashes arguments Defendants previously made in their response briefs. For that reason alone, their motion for leave to file a surreply should be denied.

Taking a step back, however, further illustrates why surreply is unwarranted here. The motion on which Defendants seek to add yet another brief is Plaintiff's motion for leave to amend his complaint in order to substitute Mr. Evans for himself as the representative plaintiff in this putative class action against Defendants. This should have been a routine motion, but instead, Defendants have attempted—in both their original response briefs and their proposed

1

surreply—to distract from the actual question of amendment. Defendants attack the conduct of Mr. Rackemann and his counsel, for example, and seek to have this Court determine once and for all that they do not violate the Wiretap Act. Certainly these issues will be resolved—when deciding LISNR's counterclaims against Mr. Rackemann and his counsel,[1] or on summary judgment of the primary claims following complete merits discovery. But the question here is whether Mr. Evans should be permitted to substitute in for Mr. Rackemann. Defendants' proposed surreply does not advance the ball on that question, and for that reason (in addition to being simply a retread of their response briefs), this Court need not consider it.

## ARGUMENT

"Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response." *Leser v. Indianapolis Pub. Sch., No.* 16-cv-02044, 2017 WL 3215303, *3 (July 28, 2017) (Pratt, J.). Furthermore, where a surreply "is merely a rehash of arguments previously made," it will not be considered. *Chaib v. CEO Grp., Inc.*, 92 F. Supp. 3d 829, 835 (S.D. Ind. 2015) (Pratt, J.). *See also Ledalite Architectural Prods. v. Focal Point, L.L.C.*, No. 08-cv-394, 2008 WL 4615784, at *1 (W.D. Wisc. Oct. 16, 2008) (noting that even if defendant had sought leave to file surreply (which it filed without leave) such leave would have been denied because "defendant's surreply is mostly a rehash of its earlier arguments, appearing more an attempt to get the last word than an attempt to respond to new issues or facts raised in defendant's reply brief"). Here, Defendants' proposed surreply—which repeats the jurisdictional, good cause, and

---

[1] To be certain, Defendant LISNR, Inc.'s amended counterclaims are retaliatory and outrageous. Plaintiff will address them, and seek all other appropriate and available relief, in due course. Presently, there's no reason to let that aspect of the case interfere with the merits of the at-issue Wiretap Act claim, which Mr. Evans's will inevitably pursue on a class basis—whether in this case or, should the motion to amend be denied, in newly filed proceedings.

2

futility arguments raised in their response briefs—does not fall within the limited circumstances for which surreply is appropriate.

I.  **LEAVE TO FILE SURREPLY ON THE JURISDICTIONAL ARGUMENT SHOULD BE DENIED.**

For the most part, the jurisdictional argument in Defendants' proposed surreply simply repeats the argument it made in their response brief. The only new material they add is to address Plaintiff's citation to Fed. R. Civ. P. 21 and authority, such as *Mullaney v. Anderson*, 342 U.S. 415 (1952), establishing that substitution of Mr. Evans for Mr. Rackemann is proper under that rule even if Mr. Rackemann never had Article III standing (which he did). The extent of their argument, however, is to note that "*Mullaney* was decided under very different facts than this action." (Proposed Surreply at 3.) But "[a] lower court, when faced with a factually distinguishable but legally relevant Supreme Court decision … may not employ a different standard in analyzing the different facts." *Levine v. Heffernan*, 864 F.2d 457, 460 (7th Cir. 1988). Furthermore, it is not *Mullaney*, but rather the case on which Defendants rely, *Walters v. Edgar*, 163 F.3d 430 (7th Cir. 1998), that is inapposite, because unlike *Mullaney*, *Walters* did not involve a motion to amend. (*See* dkt. 213 at 8.)

In any event, while it is true that Plaintiff cited Rule 21 and *Mullaney* for the first time in his reply brief, he did so as an answer to Defendants' argument in their response briefs that this Court has no jurisdiction to allow the substitution. And where a reply brief simply responds to an argument raised in a response brief, "[t]he limited circumstances for allowing a surreply … are not present." *Leser*, 2017 WL 3215303, at *4 (S.D. Ind. July 28, 2017) ("Upon close review of the parties' briefing, the Court determines that [movants'] Reply Brief did not inject new evidence, arguments, or issues into the Motion…. Instead, the Reply Brief contained [movants'] response to the arguments advanced by [non-movant] in her Response Brief."). *See also In re*

3

*Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 857 (N.D. Ill. 2015) ("There is no need for a surreply when each brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it.") (internal quotations omitted). Consequently, leave to file a surreply on the jurisdictional argument should be denied.

II.     **LEAVE TO FILE SURREPLY ON THE GOOD CAUSE ARGUMENT SHOULD BE DENIED.**

Defendants' proposed surreply purports to address a "new" argument regarding whether, under Rule 16(b)(4), Plaintiff has good cause to amend. But the argument Defendants identify— that "Plaintiff could not have determined sooner that he never had the LISNR version of the Colts App that forms the basis of his Complaint," (dkt. 227 at 2)—is one of their own making. And every point Defendants offer in response rehashes ones already made in their opposition brief.

Plaintiff's position on the issue of good cause focuses not on whether it was "possible" to determine the version number of the Colts App when he filed suit; rather, he looks to his and his counsel's diligence in investigating. (*See* dkt. 213 at 2 ("When he filed suit, [Plaintiff] had a good-faith basis for believing that he did have the relevant version installed because he had downloaded the App onto his phone prior to the relevant version being issued, and had enabled the phone's 'auto-update' feature, which Mr. Rackemann—and his counsel—understood would cause the most recent version of his apps to always be downloaded and running.").) On reply, and in response to Defendants' argument that a "30-second check" would have determined the App's version number, (Dkt. 185 at 17), he cited, *inter alia*, the work performed by Dr. Andrew Blaich, which first alerted Plaintiff and his counsel to the "auto-update" issue, along with the Rule 30(b)(6) deposition testimony of Gabe Smallman, which confirmed that the App itself did not give any indication of its version. (*See* Dkt 213 at 2-4.)

4

Accordingly, Defendants' introduction of additional evidence addressing that it may have been *possible* to determine the App version at the time Plaintiff filed this case (a point already made by Defendants in their opposition brief, (dkt. 185 at 17)) does not respond to any arguments newly raised by Plaintiff on reply.² Leave to file a surreply on the good cause argument should therefore be denied.

### III. LEAVE TO FILE SURREPLY ON THE FUTILITY ARGUMENT SHOULD BE DENIED.

Finally, Defendants' proposed surreply, in their argument regarding futility, attempts to challenge the report of Plaintiff's expert, Andrew Blaich. But Dr. Blaich's report was served on Defendants on November 13, 2017, and, indeed, was addressed extensively in their response brief. (*See*, *e.g.*, dkt. 185 at 22.) Thus, it is not "new … evidence raised in the reply brief," *Leser*, 2017 WL 3215303 at *3, and there's no reason for Defendants to have an additional opportunity to challenge it. Furthermore, the futility arguments in the proposed surreply are precisely the same as the futility arguments raised in Defendants' response briefs.³

---

² Likewise, most of the supporting evidence identified in Defendants' proposed surreply (such as the existence of applications or features that were capable of detecting the Colts App's version number) could have been, but was not, cited in Defendants' opposition brief. The only "new" evidence offered is emails between Plaintiff's counsel and other members of the putative class, where counsel asked individuals that expressed interest in joining the case to confirm the version of the Colts App on their phone by using the "AppDetective" application. (Proposed Surreply at 5.) But the fact that counsel began taking this step *after* becoming aware of the "auto-update" issue demonstrates their continued diligence: as their understanding of the facts evolved, so did their investigation as to whether a given App user has a Wiretap Act claim.

³ *Compare* Proposed Surreply at 7 ("                                                                 ") *with* dkt. 190 at 6 ("                                                                                 ."); Proposed Surreply at 7 ("                                                                        ") *with* dkt. 190 at 6 ("[T]here is no evidence that defendant could or actually did listen in on any user's conversations."); Proposed Surreply at 8 ("                                                                        ") *with* dkt. 185 at 22 ("                                      ")

5

The proposed surreply seeks to support these old arguments with new evidence: Dr. Blaich's deposition and the report of Defendants' rebuttal expert, Christopher Rucinski, both of which occurred or were disclosed while briefing on Plaintiff's motion for leave to amend was pending.[4] But far from showing why a surreply is necessary, the fact that this evidence was generated while briefing on the motion for leave to amend was ongoing illustrates the sheer ridiculousness of Defendants' assertion that futility should be determined on a summary judgment standard. As Plaintiff explained in the reply brief, where—as here—no summary judgment motion has been filed (let alone where merits discovery is incomplete), futility should be determined under the typical 12(b)(6) motion to dismiss standard. (Dkt. 213 at 9-10.) The proposed surreply doesn't respond to *that* argument, and instead, Defendants essentially ask this Court to resolve the ultimate issue in this case—Does Defendants' App violate the Wiretap Act?—on an incomplete factual record before merits discovery is complete. Indeed, while the proposed brief discusses and cites to both Mr. Rucinski's report and Dr. Blaich's deposition testimony over several pages, (dkt. 227-1 at 6-9), it fails to acknowledge that Plaintiff has not had the chance to depose Defendants' rebuttal expert, despite attempting to do so.[5] Any suggestion that the Court decide the case on a lopsided record should be rejected.

---

█████ .") (internal quotations and emphasis omitted) *and* dkt. 190 at 7 ("There is no 'preservation for listening purposes,' ████████
████████ "); Proposed Surreply at 8 (" ████████
████████ ") *with* dkt. 185 at 22 ("[T]here is no evidence supporting Plaintiff's Wiretap Act claim that the contents of oral communications were transferred off of the phone to Defendants.") *and* dkt. 190 at 7 ("[T]he App does not transmit conversations off of the phone.").

[4]  Defendants disclosed Mr. Rucinski's rebuttal report on December 13, 2017 and deposed Dr. Blaich on December 21, 2017. (Declaration of Rafey S. Balabanian ("Balabanian Decl.") at ¶¶ 2-3.)

[5]  At the November 16, 2016 status conference, the Court specifically instructed the parties to "work together to schedule the depositions of Defendants' rebuttal experts in advance of their disclosure" to avoid any disruptions to the case schedule. (Dkt. 175 at 1-2.) Plaintiff twice

6

That said, the parties admittedly seem to agree on the basic outline of what the App does:

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████[6] But the devil is in the details, and within those broad contours, there are various factual disputes that need to be further developed and hashed out through merits discovery. Whether the App violates the Wiretap Act should not be resolved on a futility argument in opposition to a motion for leave to amend. (And amendment is clearly not futile; Mr. Rackemann's complaint survived a motion to dismiss, and evidence has been—and continues to be—gathered that supports the allegations in Mr. Evans's nearly-identical proposed amended complaint.)[7] Instead, the ultimate question in this case should be resolved on a fully-briefed motion for summary judgment, filed after merits discovery has been completed, when the Court will have the benefit of deciding it in a full factual context.

## CONCLUSION

For the foregoing reasons, Defendants' motion for leave to file a surreply should be denied.

Dated: January 19, 2018                  Respectfully submitted,

---

reached out to Defendants to do exactly that—on November 29, 2017 and December 6, 2017—but counsel for Defendants never responded. (Balabanian Decl. ¶ 3.) Instead, they moved to stay the majority of the case, which the Court effectively did on December 20, 2017. (Dkts. 197, 205.) Accordingly, Plaintiff has not yet had the opportunity to test the conclusions and purported expertise of Defendants' rebuttal expert—and noted as much in his reply brief. (Dkt. 213 at 12, n. 10.).

[6]      Plaintiff has done his best here to avoid any terms that Defendants might find objectionable such as "records" or "captures." The ultimate question of whether the App violates the Wiretap Act depends on what exactly the App does, not on how either party labels what it does.

[7]      As Judge Pratt held in denying the motion to dismiss, a Wiretap Act violation occurs when the contents of a communication "are captured or redirected in any way." (Dkt. 129 at 13.)

7

**ALAN RACKEMANN**, individually and on behalf of a class of similarly situated individuals

By: /s/ Rafey S. Balabanian
One of Plaintiff's Attorneys

Rafey S. Balabanian (admitted *pro hac vice*)
rbalabanian@edelson.com
Eve-Lynn J. Rapp (admitted *pro hac vice*)
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Benjamin H. Richman (admitted *pro hac vice*)
brichman@edelson.com
Benjamin S. Thomassen (admitted *pro hac vice*)
bthomassen@edelson.com
Amir C. Missaghi (admitted *pro hac vice*)
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Ilinois 60654
Tel: 312.589.6380
Fax: 312.589.6378

*Counsel for Plaintiff and the Putative Classes*

## CERTIFICATE OF SERVICE

  I hereby certify that on January 19, 2018, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

               /s/ Rafey S. Balabanian