UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN RACKEMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-00624-TWP-MJD |
| | ) |
| LISNR, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *Motion for Leave to Amend Complaint and Scheduling Order*. [Dkt. 176.] On January 23, 2018, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 238.] For the reasons set forth below, the Magistrate Judge recommends Plaintiff's Motion be **DENIED**. The Magistrate Judge further recommends Plaintiff's claims be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.[1]

**I.   Background**

In this action, Plaintiff alleges putative class action claims against Defendants under federal anti-wiretapping laws. Plaintiff asserts the Indianapolis Colts' mobile phone application (the "App") intercepts and records users' private conversations. During the course of discovery, however, Plaintiff determined that the version of the App on his phone does not include the "listening" technology at issue in the case. It appears Plaintiff's phone, while set to automatically update its applications, did not in fact run the update that would have installed the technology.

---

[1] Defendants' *Motion for Leave to File Sur-Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Scheduling Order* [Dkt. 227] is **GRANTED**.

1

Consequently, Plaintiff seeks to amend his Complaint to withdraw himself as the named class representative and substitute a new plaintiff (Mr. Evans), who presumably utilized the correct version of the App.

Defendants assert Plaintiff's Motion is procedurally defective because Plaintiff does not have, and has never had, standing to bring the lawsuit. Defendants urge the Court to deny Plaintiff's Motion and dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). In the alternative, Defendants assert the Motion should be denied as futile because discovery has demonstrated the App never acquired the contents of oral conversations, as required to support an interception claim under the Wiretap Act.

**II.     Discussion**

Plaintiff characterizes this motion as a "routine substitution of named plaintiffs" and urges the Court to "take the most efficient path" and allow the substitution to avoid a separate lawsuit by Mr. Evans. As the Seventh Circuit has observed, that would have been the proper course of action if something had happened to deprive Plaintiff of standing after the suit was filed and it had already been certified as a class action. *See Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998). Neither of those conditions are satisfied here.

Plaintiff asserts he had standing to bring the lawsuit, as held by the Court in its Entry on Defendant's Motion to Dismiss [Dkt. 129]. But the standing issue addressed in that Entry has no bearing on the standing issue presented now. The "irreducible constitutional minimum" of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). In their Motion to Dismiss, Defendants challenged the first element: whether

Plaintiff sufficiently pleaded an injury in fact. The Court found Plaintiff's allegations of invasion of privacy sufficed to have standing to assert challenges under the Wiretap Act. [Dkt. 129 at 8-9.]

Now, Defendants challenge the second element of standing: whether the injury pleaded is fairly traceable to Defendants' conduct. Plaintiff readily admits it is not. [Dkt. 177 at 1.] Plaintiff asserts his claim is "flawed" because, in reality, his phone did not have the version of the App that contained the "listening technology" that is the heart of this lawsuit. Plaintiff's claim is more than flawed. It is not simply a matter of Plaintiff now being unable to prove injury, as Plaintiff argues. Plaintiff could not have been injured by Defendants because he never possessed the technology that allegedly causes the injury. Therefore, Plaintiff had no standing to bring his claim against Defendants, regardless of when he realized that fact. As Plaintiff lacks standing, and the class is not certified so there are no other party plaintiffs to step in, federal jurisdiction has not attached. *See Walters*, 163 F.3d at 432-433.

The parties discuss at length whether Plaintiff has established the amendment would be proper pursuant to Rule 15 or Rule 16. These arguments are moot. Generally, an amendment under Rule 15 or Rule 16 cannot cure a lack of jurisdiction because "a plaintiff may not create jurisdiction by amendment where none exists." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 411 (S.D. Tex. 2011). As Plaintiff lacks standing to assert his claim, he also lacks standing to amend the complaint and substitute a new plaintiff.

The Court rejects Plaintiff's argument that it should "take the most efficient path to [the] inevitable result" that Mr. Evans will be a named plaintiff in a putative class action against Defendants. Although judicial economy and docket management drive many decisions at the district court level, they do not do so by manufacturing subject matter jurisdiction where none

exists.  Rule 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).  Consequently, the Magistrate Judge recommends that Plaintiff's Motion be **DENIED** and Plaintiff's claims be **DISMISSED**.[2]

### III.   Conclusion

Based on the foregoing, the Magistrate Judge recommends that Plaintiff's *Motion for Leave to Amend Complaint and Scheduling Order* [Dkt. 176] be **DENIED** and that Plaintiff's claims be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  12 FEB 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.

---

[2] It appears that in the absence of Plaintiff's Wiretap Act claim, Defendant LISNR is unable to assert a declaratory judgment action against Plaintiff based upon that claim. See *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir.1995) (finding that under the Declaratory Judgment Act, 28 U.S.C. §2201, an actual controversy must exist for a court to render a declaratory judgment). The Court advises Defendant LISNR to more thoroughly address this issue, as well as how LISNR establishes the amount in controversy requirement for diversity jurisdiction over its state law claims, in its response to Plaintiff's Motion to Dismiss [Dkt. 250].

4