**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALAN RACKEMANN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LISNR, INC. *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO MAINTAIN DOCUMENT**
**UNDER SEAL**
**(FILED UNDER SEAL)**

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorney for Defendant/Counterclaim-Plaintiff LISNR, Inc.*

## INTRODUCTION

This Court should deny the relief sought by Plaintiff Alan Rackemann ("Plaintiff") in his Brief in Support of Defendants' Motion to Maintain Document Under Seal (Dkt. 247). There, Plaintiff asks the Court to seal portions of Dkt. 234-1, the Proposed Sur-Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Scheduling Order ("Proposed Sur-Reply") that Defendants LISNR, Inc. ("LISNR"), the Indianapolis Colts, Inc. (the "Colts"), and Adept Mobile LLC (collectively, "Defendants") filed (and the Court subsequently permitted).[1] The portions at issue do not, as Plaintiff now claims, reveal confidential material about the "business model" of Edelson P.C. ("Edelson"), or reveal confidential details about and communications with third parties.

Instead, the language at issue generally describes form email communications that unnamed persons at Edelson sent to Counterclaim-Defendant Jeffrey Evans and to hundreds of unnamed third parties. In the communications, Edelson asked the recipients to download a commercially available mobile phone application and use that app for its intended purpose. There is no basis to claim that suggesting potential class members use a publicly available software for its intended purpose is a protectable trade secret. As explained more fully below, there simply is no good cause to keep this material under seal.

## BACKGROUND

As more fully described below, the issue in this Motion deals with the parties' dispute over whether references to some of Plaintiff's counsel's interaction with potential class members should be sealed. Plaintiff's counsel ("Edelson") filed this putative class action on behalf of

---

[1] After the Court granted Defendants leave to file their Proposed Sur-Reply on February 12, 2018 (Dkt. 253 at 1 n.1), Defendants filed their Sur-Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Scheduling Order ("Sur-Reply") on February 15, 2018 (Dkt. 260). The Proposed Sur-Reply and as-filed Sur-Reply are identical.

Plaintiff in late 2016, claiming that the Colts' mobile phone application (the "Colts' App") included defendant LISNR's technology and thereby eavesdropped on Plaintiff's private conversations. (*See generally* Dkt. 1.) As was revealed in the fall of last year, however, before filing Edelson and Plaintiff failed to undertake a basic pre-filing investigatory step: confirm that Plaintiff's mobile phone actually contained the technology their Complaint targeted. (Dkt. 185 at 16.) Then, in late 2017, "Plaintiff determined that the version of the App on his phone does not include the 'listening' technology at issue in the case." (Dkt. 253 at 1.)

Plaintiff thereafter moved for leave to substitute via an amendment of the Complaint. (*See* Dkt. 176.) Defendants responded that Plaintiff's motion should be denied and his lawsuits should be dismissed. (Dkt. 185). In a Report and Recommendation issued on February 12, 2018, Magistrate Judge Mark J. Dinsmore recommended that Plaintiff's motion be denied and that Plaintiff's claims be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. (Dkt. 253.)

This Motion concerns whether certain portions of Defendants' Proposed Sur-Reply should remain under seal. Plaintiff argues they should. Defendants disagree for the reasons set forth below.

The portions of the Proposed Sur-Reply at issue in this Motion reference and quote documents showing that, after determining that Plaintiff never had the relevant version of the App, Edelson began to actively seek a new plaintiff. (Dkt. 234-1 at 5.) When contacting potential plaintiffs via email, Edelson included simple instructions on how to download and use a commercially available mobile device application called "AppDetective" that could determine which version of the Colts' App was installed on the user's mobile phone. (Dkt. 261-2.)

2

In the briefing over Plaintiff's request to amend, the parties argued whether Plaintiff could have and should have known before filing this case that his mobile phone did not include the version of the Colts' App that is at issue. (*See*, *e.g.*, Dkt. 185 at 17.) Based in part on the newly available evidence which showed that Edelson knew of and used AppDetective, Defendants filed the Proposed Sur-Reply on January 22, 2018. (*See* Dkt. 234-1.) In it, they argued that there was no good cause for amendment. In support, they asserted that before launching a yearlong case for which Plaintiff never had standing in 2016, Plaintiff and Edelson could have (and should have) followed the same easy steps for using this commercially available app that they outlined in their emails to prospective plaintiffs in 2017. (*See id.* at 5.)

Defendants filed their Proposed Sur-Reply under seal—along with a Motion to Maintain Document Under Seal—in part because the email communications referred to in the Proposed Sur-Reply had been designated CONFIDENTIAL by Plaintiff under the Protective Order in this case. (*See* Dkt. 235.)[2]

On February 5, 2018, Plaintiff filed his Brief in Support of maintaining these communications under seal (the "Brief") (Dkt. 247). There, he requested that the Court maintain the seal on the following language in the Proposed Sur-Reply:

> In emails sent to other users responding to its solicitations, Edelson provided easy-to-follow instructions concerning how users can learn which version of the Colts App appears on their phones. For example, Edelson instructed Mr. Evans to "download the 'AppDetective' app and locate the [i]nstall date of the Colts app." (Kelly Dec., ¶ X & Ex. B (RACKEMANN_001155).) Edelson also attached a "helpful guide" for using the "AppDetective" app. (*Id.*) The guide instructs users on how to use the "AppDetective" app to locate "the 'Version' and 'Installed' values" of the Colts App. (*Id.*) Many did so successfully, including users where the process confirmed that they did not have the LISNR technology on their phones.

---

[2] Defendants also filed under seal because the Proposed Sur-Reply includes material at pages 6 to 9 that is highly confidential to Defendants. (*See* Dkt. 236.) This material is not at issue in the present Brief in Opposition.

(Dkt. 234-1 at 5 (footnotes omitted).)  Plaintiff also seeks to keep the following parenthetical under seal: "'our tech experts [reviewed the screen shots you forwarded and] confirmed that you did not have the version that was at risk.'"  (*Id.* at n.5.)

## ARGUMENT

The Court should deny the relief requested in Plaintiff's Brief, because there is no good cause for sealing the material on page five of the Proposed Sur-Reply.[3]  Plaintiff bears the burden of demonstrating "good cause." *Elder Care Providers of Ind., Inc. v. Home Instead, Inc.*, No. 1:14-cv-01894-SEB-MJD, 2015 U.S. Dist. LEXIS 92894, at *5 (S.D. Ind. July 16, 2015) (Dinsmore, Mag.) ("[T]he party who desires the secrecy has the burden of continually showing 'good cause' to maintain such confidentiality when the confidential nature of the information is challenged.").

To satisfy this burden, Plaintiff must show that the materials he seeks to seal "'meet the definition of trade secret or other categories of bona fide long-term confidentiality,' such as 'information covered by a recognized privilege' or 'information required by statute to be maintained in confidence.'"  *Id.* at *4 (quoting *Baxter In't, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *accord Cunningham v. SmithKline Beecham*, No. 2:07 cv 174, 2008 U.S. Dist. LEXIS 49016, at *5 (N.D. Ind. June 25, 2008) ("A party's entitlement to protection must find its roots in the law of trade secrets, privilege, or statutory entitlement.").  Even if the Court finds that Plaintiff has shown good cause to seal, the Court should still make the materials public if the interests of the public and the other parties in disclosure outweigh any privacy interests.

---

[3] Although the instant Motion speaks to the Proposed Sur-Reply, Defendants' arguments apply with equal force to the as-filed Sur-Reply (Dkt. 260), which is identical.

4

*Cunningham*, 2008 U.S. Dist. LEXIS 49016, at *15 (quoting *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 340 (N.D. Ill. 1998)); *Elder*, 2015 U.S. Dist. LEXIS 92894, at *5.

Plaintiff provides two arguments for why there is good cause to seal the material on page five of the Proposed Sur-Reply: (1) "[t]he descriptions and quotations reveal aspects of [Edelson's] confidential and proprietary inner-workings—essentially its trade secrets"; and (2) the descriptions and quotations "concern private communications with class members." (Dkt. 247 at 4.)  Neither of these arguments has merit.

I.  **The Material in the Proposed Sur-Reply Does Not Disclose Anything Constituting Protectable Trade Secrets or Other Proprietary Information.**

Plaintiff seeks to maintain under seal a paragraph and parenthetical that reveal the following:

- Edelson sent emails to putative class members, including Mr. Evans;

- In the emails, Edelson instructed the prospective class members to download a commercially available app—the AppDetective—and told users how to use it for its intended purpose; and

- Many users successfully followed the instructions from Edelson and determined what version of the App was on their phones.

Nothing about these facts is confidential or proprietary to Edelson.  First, there is nothing secret about a law firm sending emails to potential clients regarding possible litigation.  Instead, this is common practice in the legal profession.

Second, there is nothing secret about the practice of conferring with a potential client prior to filing suit, in an attempt to ensure that the client has a viable claim.  To the contrary, every attorney knows that such an investigation is required by Federal Rule of Civil Procedure 11(b)(3).  (*See* Dkt. 141 (A pre-suit investigation "is mandated by Rule 11(b)(3) and is—or should be—a part of every plaintiff's pre-filing procedure.").)

5

Third, there is nothing proprietary to Edelson about using a commercially available app—the AppDetective—for its intended purpose, telling clients how to download and use a commercially available app for its intended purpose, or having clients successfully follow such instructions. Because this information is mundane, revealing it cannot, as Plaintiff now claims, hurt Edelson's ability to compete for business. (*See* Dkt. 247 at 5; Dkt. 247-2 at ¶ 3.)[4]

Finally, even if Edelson could claim to have a confidentiality interest in the process of sending emails to prospective clients and instructing them on the use of AppDetective, it waived confidentiality by sending the emails at issue here to more than a hundred putative class members who were under no obligation to keep the emails private. That is, Edelson voluntarily chose to place this information in the public domain and therefore cannot claim that it is a trade secret. *See Cunningham*, 2008 U.S. Dist. LEXIS 49016, at *6 (under Indiana law, information is not a trade secret unless it is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy" (quoting I.C. § 24-2-3-2)).

In sum, the information that Plaintiff and Edelson seek to seal does not "meet the definition of trade secret or other categories of bona fide long-term confidentiality." Plaintiff has failed to establish good cause for maintaining the information under seal.

## II. The Material in the Proposed Sur-Reply Does Not Reveal Confidential Communications with Class Members.

Plaintiff also claims that the material on page 5 of the Proposed Sur-Reply reveals confidential communications with putative class members. (Dkt. 247 at 4, 6.) Plaintiff states

---

[4] As set forth in Defendants' last brief on this issue, it does not even appear that Edelson actually "competes" for casework. Rather, as demonstrated by the evidence in this case, Edelson identifies target defendants or industries, works to develop claims against them and then solicits individuals to act as class representatives of the claims they have developed. (*See generally* Dkt. 218 (LISNR's Counterclaims) at ¶¶ 9–81.) Neither Mr. Rackemann (nor Mr. Evans) chose Edelson to represent him above another law firm. (*See id.* at ¶¶ 17, 20, 21, 23, 25, 72, 74.)

that each prospective class member initially reached out to Edelson through the Consumer-ClassAction.com website, which "assures users that communications *initiated* through the site are and will remain confidential." (*Id.* at 3 (emphasis added).)

There are several reasons why this argument does not justify keeping any of the material at issue under seal. First, the Proposed Sur-Reply does not describe any communications that third parties sent *to* Edelson. It includes only communications that *Edelson sent;* and all through emails—not through the Consumer-ClassAction.com website. (*See* Dkt. 234-1 at 5.)

Second, the Proposed Sur-Reply does not provide any identifying information about any non-party, putative class members. Without such identifying information, no one who reads the Proposed Sur-Reply can even determine who the prospective class members are, thus eliminating any possibility that the putative class members will have their privacy invaded. *See*, *e.g.*, *Telamon Corp. v. Charter Oak Fire Ins. Co.*, No. 1:13-cv-00382-RLY-DML, 2015 WL 13642448, at *3 (S.D. Ind. Oct. 23, 2015) (holding that the party that had filed exhibits containing sensitive personal information needed only to redact the identifying information (i.e. names) of the individuals referenced in the documents to protect privacy).[5] While the Proposed Sur-Reply identifies Mr. Evans by name, he had already disclosed himself in Plaintiff's Motion for Leave to Amend (*see* Dkt. 176) and is now a Counterclaim-Defendant in this case (*see generally* Dkt. 218) and has given permission to Edelson "to publicly disclose aspects of [his] communications with the firm" (Dkt. 247-2 at ¶ 10).

---

[5] In a footnote, Plaintiff states that the Court should also maintain under seal any copies of the actual emails that underlie the statements in the Proposed Sur-Reply. (Dkt. 247 at 1–2 n.1.) After Plaintiff filed his Brief, Defendants filed under seal copies of the emails Plaintiff references. (*See* Dkt. 261-2; Dkt. 261-3.) The Court generally should not maintain these emails under seal for the same reasons that it should not maintain any portion of page 5 of the Proposed Sur-Reply under seal. Nevertheless, because one of the email strings provides the name and contact information for a putative class member, Defendants are amenable to maintaining that portion of the email string under seal. (*See* Dkt. 261-3.)

Finally, the Proposed Sur-Reply does not contain any sensitive personal information about these individuals. The Proposed Sur-Reply reveals only that these individuals responded to solicitations from Edelson, that Edelson sent them form emails regarding how to determine the version of the Colts' App they were using, and that some of these unnamed individuals followed the instructions that Edelson provided. (Dkt. 234-1 at 5.)

In sum, the Court should reject any argument that the Proposed (or as-filed) Sur-Reply reveals sensitive or confidential information relating to third-party putative class members.

## CONCLUSION

For these reasons, Defendants request that the Court deny the relief that Plaintiff seeks in his Brief.

Respectfully submitted,

/s/ *Jesse Jenike-Godshalk*
Thomas Feher (*pro hac vice*)
Thomas F. Zych (*pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114
Phone: 216-566-5605
Fax: 216-566-5800
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant/Counterclaim-Plaintiff LISNR, Inc.*

/s/ *Kevin Kelly*
Eric C. Bosset (*pro hac vice*)
Kevin Kelly (*pro hac vice)*
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: 202-662-5606
Fax: 202-778-5606
Email: ebosset@cov.com
  kkelly@cov.com

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square
Suite 3500
Indianapolis, IN 46204
Tel: 317-713-3500
Fax: 317-713-3699
Email: tbarnard@taftlaw.com

*Attorneys for Defendant Indianapolis Colts, Inc.*


 /s/ *John F. McCauley*
David O. Tittle
John F. McCauley
BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
dtittle@bgdlegal.com
jmccauley@bgdlegal.com

*Attorneys for Defendant Adept Mobile LLC*

9

## **CERTIFICATE OF SERVICE**

      I certify that on February 19, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                    */s/ Jesse Jenike-Godshalk*