**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALAN RACKEMANN<br><br>            Plaintiff/Counter-Defendant,<br><br>v.<br><br>LISNR, INC.,<br><br>            Defendant/Counter-Plaintiff. | Case No. 1:17-cv-00624-TWP-MJD<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Mark J. Dinsmore |

**COUNTER-PLAINTIFF LISNR, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**

Defendant/Counter-Plaintiff LISNR, Inc. ("LISNR") moves for leave to file the attached Sur-Reply in Opposition to Motion to Dismiss Counterclaims ("Sur-Reply"). The only purpose of the Sur-Reply is to respond to new facts and a completely new argument that Counter-Defendants Alan Rackemann, Jeffrey Evans, and Edelson P.C. ("Counter-Defendants") raise for the first time in their Reply in Support of Motion to Dismiss ("Reply Brief") (Dkt. 291).

"It is well settled that the decision whether to grant a motion for leave to file a sur-reply is within the Court's discretion." *Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, 2017 WL 4516749, at *1 (S.D. Ind. Sept. 26, 2017) (Dinsmore, Mag. J.). Courts allow sur-replies where the movant "did not have the opportunity to thoroughly address [issues raised in the reply brief] in his response," *id.*, and also to allow the movant "to address new arguments or evidence raised in the reply brief." *Thompson v. City of Indianapolis*, 2017 WL 1546316, at *2 (S.D. Ind. Apr. 28, 2017) (Pratt, J.); *see also Ripberger v. Corizon, Inc.*, 2013 WL 1681152, at *4 (S.D. Ind. Apr. 17, 2013) (Pratt, J.) ("The Court always tries to allow litigants a full and fair opportunity to respond to arguments made by their adversary, including allowing surreplies."). Leave to file a

sur-reply has also been granted where a reply brief "contains factual and legal inaccuracies that [are] addressed in [the] Sur-Reply." *Symons*, 2017 WL 4516749, at *1.

Counter-Defendants have raised a new argument for the first time in their Reply Brief. They argue that, because the Court has decided to dismiss Mr. Rackemann's claims based on lack of subject matter jurisdiction, the Court must also—for various reasons—dismiss all of LISNR's counterclaims. (*See* Dkt. 291 at 2–4, 12–13.) This argument is not only new, it is directly contrary to binding Seventh Circuit case law. Because this is a new argument that Counter-Defendants did not previously raise and because it is based on a legal inaccuracy, the Court should allow LISNR a full and fair opportunity to respond by submitting the attached Sur-Reply.

Respectfully submitted,

/s/ *Jesse Jenike-Godshalk*
Thomas Feher (*pro hac vice*)
Thomas F. Zych (*pro hac vice*)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114
Phone: 216-566-5605
Fax: 216-566-5800
Tom.Feher@ThompsonHine.com
Tom.Zych@ThompsonHine.com

Jesse Jenike-Godshalk (*pro hac vice*)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-352-6702
Fax: 513-241-4771
Jesse.Godshalk@ThompsonHine.com

*Attorneys for Defendant/Counterclaim-Plaintiff LISNR, Inc.*

1

2

**CERTIFICATE OF SERVICE**

       I certify that on March 30, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  */s/ Jesse Jenike-Godshalk*