UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN RACKEMANN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-00624-MJD-TWP ) |
| LISNR, INC., a Delaware Corporation, ADEPT MOBILE, LLC, a Massachusetts Limited Liability Company, and INDIANAPOLIS COLTS, INC., an Indiana Corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING ATTORNEYS' FEES PURSUANT TO MOTION TO COMPEL**

For the reasons described below, the Court **GRANTS** Defendants' Motion for Fees pursuant to this Court's October 31, 2017 Order on Motion to Compel, and awards $44,512 for attorneys' fees to Defendants. [Dkt. 162; Dkt. 168.]

**Background**

Defendants LISNR, Inc. ("LISNR") and the Indianapolis Colts, Inc. (the "Colts") (collectively, "Defendants") seek an award of the attorneys' fees accrued in making their Motion to Compel Plaintiff to Produce Documents and Information Regarding the "Forensic Accounting" referenced in Plaintiff's Complaint (the "Motion to Compel"). [Dkt. 130.] This Court issued an order granting Defendants' Motion to Compel (the "Order") on October 31, 2017, which required Alan Rackemann ("Plaintiff") to produce documents related to the "forensic accounting" (the "Documents") referenced in his Complaint. [Dkt. 162; *see also* Dkt.

1

1.] Plaintiff claimed that the Documents constituted protected work product because the Documents had been prepared in anticipation of future litigation. [Dkt. 141.] This Court concluded that Plaintiff waived any work-product protection that existed, because (1) Plaintiff's Complaint put the Documents at issue in this suit, and (2) Plaintiff failed to produce a timely and sufficient privilege log. [Dkt. 162.] In its Order, the Court gave Defendants leave to file a motion for fees within fourteen days of October 31, 2017. [*Id.* at 7–8.]

On November 14, 2017, Defendants filed their Motion for Fees Pursuant to October 31, 2017 Order on Motion to Compel ("Motion for Fees"). [Dkt. 168.] Defendants initially requested $26,412 in attorneys' fees for LISNR and $25,000 for attorneys' fees for the Colts, for a total of $51,412 in attorneys' fees. [Dkt. 169 at 11.] When Plaintiff asserted that LISNR sought fees for time spent on tasks unrelated to making Defendants' Motion to Compel, LISNR agreed to withdraw its request for fees for four time entries, reducing LISNR's total requested fees by $2,160. [Dkt. 202 at 16–17; Dkt. 226 at 7–8.] This reduced the available fees for LISNR to $24,252 and to Defendants together to $49,252. Plaintiff's claims were subsequently dismissed on March 21, 2018, under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. [Dkt. 288; *see also* Dkt. 253.]

**Discussion**

Defendants contend that they are entitled to attorneys' fees under Fed. R. Civ. P 37(a)(5)(A) because this Court granted Defendants' Motion to Compel, and none of the exceptions described in Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii) apply. Fed. R. Civ. P. 37(a)(5)(A); [Dkt. 169 at 8–10.] The issue now before the Court is whether (1) a federal district court can award attorney fees in a case dismissed for lack of subject matter jurisdiction; and, (2) if the Court does have the authority to award fees, whether they are warranted in this particular case.

## A. Authority to Award Fees After Dismissal for Lack of Subject Matter Jurisdiction

In some circumstances, federal district courts have the authority to award attorney fees when the case has been dismissed for lack of subject matter jurisdiction. For instance, in *Citizens for a Better Environment v. Steel Co.*, the Seventh Circuit held that a federal district court's lack of subject matter jurisdiction over a civil rights suit did not negate the court's jurisdiction over a party's request for attorneys' fees under Federal Rule of Civil Procedure 11. 230 F.3d 923 (7th Cir. 2000); Fed. R. Civ. P. 11; *see also Willy v. Coastal Co.*, No. 90–1150, 503 U.S. 131 (1992) (holding that Article III did not prohibit Rule 11 sanctions in cases later dismissed for lack of subject matter jurisdiction); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991) (indicating that federal district courts have an inherent power to assess attorney fees as a sanction against parties who act in bad faith). The Seventh Circuit has differentiated between the "legislative authority to create rights and remedies" that comes from Article I, and adjudicative authority, which comes from Article III. *Citizens for a Better Env't*, 230 F. 3d at 927. It is Article I—not Article III—that authorized Congress to enact the Rules Enabling Act, 28 U.S.C. §§ 2071–77, which underpins the Federal Rules of Civil Procedure. *Id.* Accordingly, the Seventh Circuit reasons as follows:

> [A] motion seeking an award under any [Fed. R. Civ. P.] is a case or controversy that may be adjudicated to the extent the movant has suffered at its adversary's hands an injury [that] may be redressed by a decision in its favor. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, at 102–04 (1998). Article III therefore presents no obstacle to fee-shifting, whether or not the fees were incurred in proceedings that were cases or controversies under Article III.

*Citizens for a Better Env't*, 230 F.3d at 927.

Similarly, here, Defendants seek to recover fees under a Federal Rule of Civil Procedure, meaning that this Court's authority to consider attorney fees comes not from Article III, but from

Article I. Therefore, this Court's lack of subject matter jurisdiction over Plaintiff's claims does not negate this Court's jurisdiction over Defendants' Motion for Fees.

However, the federal district court's authority to award fees when a suit has been dismissed for lack of subject matter jurisdiction is not unlimited. In *W.G. v. Senatore*, the Second Circuit affirmed a district court's denial of a motion for attorney fees when the motion for fees was filed *after* the case was dismissed for lack of subject matter jurisdiction. 18 F.3d 60 (2nd Cir. 1994). Though the plaintiff in *Senatore* was claiming fees under 20 U.S.C. § 1415(3)(4)(B) (Individuals with Disabilities Education Act), rather than a federal rule of procedure as here, the Second Circuit's reasoning is informative here. *Id.* at 62. In *Senatore*, the court ruled that attorney fees could not be awarded because the Judgment of Dismissal for lack of subject matter jurisdiction was the law of the case at the time the motion for attorney fees was filed. *Id.* at 63. Further, the *Senatore* court observed that the fee-shifting provisions often included in federal statutes cannot themselves confer jurisdiction, and "must be read in conjunction with substantive statutes to establish proper jurisdiction over fee applications." *Id.* at 64. Unlike the *Senatore* plaintiff, Defendants here filed the Motion for Fees prior to the dismissal Plaintiff's claims for lack of subject matter jurisdiction, and Defendants request fees pursuant to a procedural rule rather than a substantive statute. Furthermore, due to the pendency of counterclaims, no final judgment has issued in this case.

For the reasons discussed in this section, this Court has the authority to award attorneys' fees under Rule 37(a)(5)(A), even though Plaintiff's claims were dismissed for lack of subject matter jurisdiction after the Motion for Fees was filed. Fed. R. Civ. P. 37(a)(5)(A). Section B discusses whether attorney fees are warranted under the circumstances of this case.

### B. Attorney Fees Under Rule 37(a)(5)(A)

Defendants contend that they are entitled to attorney fees under Rule 37(a)(5)(A), which provides that if a motion to compel discovery is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Though "the Rule 'presumptively requires every loser to make good the victor's costs,'" *Malibu Media, LLC v. Harrison*, No. 1:12-cv-01117-WTL-MJD, 2014 WL 5392097, at *1 (S.D. Ind. Oct. 23, 2014) (quoting *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994)), a court must not order fees if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). Further, the "burden of persuasion is on the losing party to avoid assessment of fees, rather than on the winning party to obtain such an award." *Malibu Media, LLC*, 2014 WL 5392097, at *1 (citing *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2016)). Here, Defendants' Motion to Compel was granted, so Plaintiff can only avoid paying fees if one of the three exceptions applies.

### i. Rule 37(a)(5)(A)(i)

Rule 37(a)(5)(A)(i), which applies when the movant did not make a good faith effort to obtain discovery without court action, is not relevant here. Fed. R. Civ. P. 37(a)(5)(A)(i). The parties held several meet-and-confer conferences, as well as an informal discovery conference with the Court to discuss the discovery dispute, before Defendants filed their Motion to Compel. [Dkt. 169 at 9; *see also* Dkt. 131 at 5–8.]

### ii. Rule 37(a)(5)(A)(ii)

Plaintiff argues that the circumstances fall under Rule 37(a)(5)(A)(ii), which prohibits fees from being awarded when a party resisting discovery is substantially justified in its objection. Fed. R. Civ. P. 37(a)(5)(A)(ii). A party's resistance to discovery is substantially justified if there is a genuine dispute. *Fogel v. Bukovic*, No. 11 C 1178, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011); *see Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing Fed. R. Civ. P. 37(a)(4) advisory committee's notes). Resistance to discovery is also substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Pierce*, 487 U.S. at 565 (citing 8 C. Wright and A. Miller, Federal Practice and Procedure § 2288, p. 790 (1970)); *see also Elder Care Providers of Ind., Inc. v. Home Instead, Inc.,* No. 14-cv-01894-SEB-MJD, 2016 WL 881176 (S.D. Ind. Mar. 8, 2016) (holding that the losing party in a work product, discovery dispute was substantially justified in taking the matter to court)[1]; *see also Cheek v. Colvin*, No. 1:12-cv-1834-DKL-SEB, 2015 WL 6738646 (S.D. Ind. Nov. 4, 2015).

Plaintiff contends that his objection was substantially justified because Plaintiff's resistance was driven by a genuine disagreement about whether the Documents constituted protected work product. [Dkt. 202 at 9.] The work-product doctrine, established in *Hickman v. Taylor*, and partially codified in Rule 26(b)(3), provides qualified protection for materials prepared by or at the request of counsel in anticipation of litigation or for trial. *Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3). Defendants argue that Plaintiff's work-product objections were not justified because much of the material in the Documents was

---

[1] Though Plaintiff's brief discusses *Elder Care Providers of Ind., Inc. v. Home Instead, Inc.*, No. 14-cv-01894-SEB-MJD, 2016 WL 88176 (S.D. Ind. Mar. 8, 2016); *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 6453557 (S.D. Ind. Nov. 17, 2014); and *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01770-LJM-TAB, 2017 WL 3838689 (S.D. Ind. Sept. 1, 2017), Plaintiff misstates the relevance of these cases to the question presented herein.

6

prepared before Plaintiff was even aware he may have a cause of action. [Dkt. 162 at 3; Dkt. 169 at 9.] In its Order, this Court found that, even if portions of the Documents were found to constitute work product, Plaintiff waived the work-product protections by (1) disclosing parts of and relying on the Documents in his Complaint, and (2) submitting an incomplete privilege log. [Dkt. 162 at 3–7.]

This Court finds that Plaintiff's resistance to producing the Documents was not substantially justified because Plaintiff's counsel knew or should have known that Plaintiff had waived any work-product protection by the actions described in the Order. [Dkt. 162.] When work-product information is disclosed in and underlies the allegations of a Complaint, well-established legal principles indicate that the privilege is waived and the information must be disclosed to allow Defendants to evaluate Plaintiff's allegations. [Dkt. 162 at 4;] *see City of Lakeland Emps. Pension Plan v. Baxter Int'l, Inc.*, No. 10 C 6016, 2013 WL 2151509, at *3 (N.D. Ill. May 16, 2013); *see also Doe 1 v. Baylor Univ.*, 320 F.R.D. 430, 442–44 (W.D. Tex. 2017). Further, Plaintiff clearly failed to serve an adequate and timely privilege log, a failure which can result in a waiver of any protection from discovery. *See Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assurance Corp.*, 317 F.R.D. 620, 632 (N.D. Ill. 2016); *see also Rao v. Bd. of Trs. of the Univ. of Ill.*, 2016 WL 6124436, at *7 (N.D. Ill. Oct. 20, 2016).

Even if Plaintiff's counsel were unaware that the work-product protection had been waived, the Court's Order casts substantial doubt on Plaintiff's argument that the Documents constituted work product. [Dkt. 162.] Work-product protections apply only to material prepared "in anticipation of litigation or for trial by or for another party," Fed. R. Civ. P. 26(b)(3), but Plaintiff prepared much of the material in the Documents "before Plaintiff was even aware that he might have a cause of action." [Dkt. 162 at 3;] *see also U.S. v. BDO Seidman*, 337 F.3d 802,

7

811 (7th Cir. 2003) ("The mere assertion of a privilege is not enough; instead a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements.")

### iii. Rule 37(a)(5)(A)(iii)

Plaintiff also argues that the circumstances of this discovery dispute fall under Rule 37(a)(5)(A)(iii), which indicates that attorney fees may not be awarded when such an award would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). Rule 37(a)(5)(A)(iii)'s exception is a "rather flexible catch-all provision." *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 6453557, at *2 (S.D. Ind. Nov. 17, 2014). According to Plaintiff, he has already been severely sanctioned by being forced to produce all materials listed in his privilege log, rather than just those related to forensic accounting and addressed by the Motion to Compel. [Dkt. 202 at 13–14.] However, if Plaintiff believed that the Order wrongly compelled production of certain materials on the privilege log, Plaintiff should have moved for reconsideration or filed objections to that Order pursuant to Rule 72(a) when the Order was issued. Fed. R. Civ. P. 72(a). Plaintiff also contends that the Order imposed sanctions far too severe for a mere procedural violation. [Dkt. 202 at 13–14.] However, as discussed above, Plaintiff's error was not a mere procedural violation; the Court found in its order that Plaintiff waived any work-product protection that he had in two significant ways, and cast doubt on the notion that Plaintiff's Documents were protected by the work-product doctrine in any event. [Dkt. 162.]

Plaintiff further asserts that it would be unjust to require Plaintiff to pay fees following a discovery dispute regarding an issue unsettled by the Seventh Circuit: whether attorney materials created prior to an attorney's prior to the attorney's retention by party amount to work product. Indeed, the Seventh Circuit has held that it is unjust to order a losing party to pay fees when a

contested discovery issue is not governed by controlling precedent. *D.O.H. v. Lake Central Corp.*, No. 2:11-cv-430, 2015 WL 1538804 (N.D. Ind. Apr. 7, 2015). However, *D.O.H.* also indicates that "precedent is clear that eventual litigation does not ensure protection of all materials prepared by attorneys—the 'remote prospect of future litigation' does not suffice to bring the work product doctrine into play." No. 2:11-cv-430, 2015 WL 1538804, at *10 (quoting *Binks Mfg. Co v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1120 (7th Cir. 1983)). Yet even if Plaintiff were correct in asserting that there is no controlling privilege on this issue, Plaintiff's counsel knew or should have known that Plaintiff waived any existing work-product protections for the reasons described above.

Further, federal district courts within the Seventh Circuit have awarded fees in similar circumstances. In *Jones v. Ada S. McKinley Community Services*, a district court found work-product protection waived by a party's failure to timely assert it, and awarded fees and expenses to the moving party. No. 89 C 0319, 1989 WL 152352, at *3–5 (N.D. Ill. Nov. 28, 1989). In *Woldman v. Sam's Cartage Co.*, a district court indicated that it was inclined to award attorney fees in conjunction with its grant of a defendant's motion to compel, when a plaintiff failed to timely assert work-product privilege. No. 96 C 6551, 1997 WL 534529, at *2 (N.D. Ill. Aug. 25, 1997).

Finally, Plaintiff asserts that a fee award would be unjust because Defendants declined to confer with Plaintiff regarding the scope and timing of an updated privilege log, despite Plaintiff's repeated requests to meet. [Dkt. 202 at 15.] However, as the Order indicates, Defendants' actions had "no bearing on Plaintiff's obligation to produce his own privilege log" and Plaintiff's argument that counsel was waiting to reach a mutual agreement is "wholly without merit." [Dkt. 162 at 7.] Plaintiff misstates the relevance of *Wauchop v. Domino's Pizza*,

9

where a federal court refused to award attorney fees after issuing an order to compel. 138 F.R.D. 539 (N.D. Ind. 1991). Refusing to confer is a less serious hindrance to discovery than the actions taken by the party seeking fees in *Wauchop*, who refused to propose an alternative protective order and issued a blanket request for an order to compel responses, despite responses having already been given to some interrogatories. *Id.* at 543, 552. In this case, not only did the parties meet-and-confer on multiple occasions, they also participated in a telephonic discovery conference with the Magistrate Judge to discuss the very topic that was the subject of the motion to compel. [Dkt. 128.] For the foregoing reasons, Plaintiff fails to meet his burden of demonstrating that an award of attorney fees would be unjust in this case.

    **iv.    Amount of Fees**

Finally, Plaintiff asserts that even if the attorney fees are warranted, the amount of fees requested by Defendants is excessive and unreasonable. [Dkt. 202 at 15.] When a motion to compel is granted, Rule 37(a)(5)(A) limits fees to the "movant's reasonable expenses incurred in making the motion, including attorney's fees." In *Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc.*, a district court declined to award fees for time spent on tasks unrelated to the motion to compel, and awarded only half of the requested attorneys' fees, finding that the attorneys' requested billing rates were unreasonable. 259 F.R.D. 323, 329–330 (N.D. Ill. 2009).

The Seventh Circuit has taken a rather expansive view of fee shifting under Rule 37, reasoning that "fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claim." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785 (7th Cir. 1994). Further, "the rationale of fee-*shifting* rules is that

10

the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." *Garbie v. Daimler Chrysler Corp.*, 211 F.3d 407, 411(7th Cir. 2000) (quoting *Rickels*, 33F.3d at 787) (emphasis in original). Consistent with this approach, courts have rejected the notion that a prevailing party may only recover attorney fees directly related to making the motion to compel. *Phillips v. Vasil Mgmt. Co.*, No. 1:10-cv-610-WTL-TAB, 2012 WL 177406, at *2 (S.D. Ind. Jan. 20, 2012); *see also Aerwey Labs., Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565 (N.D. Ill. 1981) ("If opposition to discovery efforts is not substantially justified, the 'expenses incurred in obtaining the order' should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.").

This Court utilizes the "lodestar" method to determine reasonable attorney's fees by multiplying a reasonable rate by the number of hours reasonably expended on the motion. *Grady v. Affiliated Comput. Servs. ACS*, No. 1:13-cv-00342-TWP-MJD, 2014 WL 6066049, at *2 (S.D. Ind. Nov. 13, 2014) (citing *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012)). In determining a reasonable rate, the prevailing attorney is presumptively entitled to the rate actually charged, regardless of how that rate compares to the market average. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). District courts have exceptional discretion to determine whether the time an attorney spends on a motion to compel is reasonable. *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007); *see also Murray v. Conseco, Inc.*, No. 1:03-cv-1701-LJM-MJS, 2009 WL 363803, at *5 (S.D. Ind. Feb. 6, 2009) (reducing fee award after reviewing attorneys' rates and time records relating to a motion to compel). The prevailing party bears the burden of demonstrating that its hours and fees are reasonable. *Grady*, 2014 WL 6066049, at *2.

Here, the hourly rates are not at issue because Plaintiff does not challenge the reasonableness of the rates billed by Defendants' attorneys, and Defendants have verified that the hourly rates requested for their attorneys here are less than or equal to the attorneys' ordinary rates. [Dkt. 169 at 5–6; Dkt. 170; Dkt. 171.] However, Plaintiff contends that LISNR seeks fees for tasks unrelated to making Defendants' Motion to Compel. [Dkt. 202 at 16–17.] In particular, Plaintiff first challenges four time entries that Plaintiff claims are at best "mixed" entries that include tasks unrelated to making the Motion to Compel. [Dkt. 202 at 17; Dkt. 171-1.] In response, Defendants withdrew their request for fees for the four contested time entries. [Dkt. 226 at 7.] The August 15, 2017 (Jenike-Godshalk); August 23, 2017 (Feher); September 21, 2017 (Jenike-Godshalk); and September 22, 2017 (Feher) entries for $300, $440, $260, and $1,160 respectively are therefore no longer under consideration. [Dkt. 171-1.] This reduces LISNR's and Defendants' possible attorney fees by $2,160.

Plaintiff also contests Defendants' request for fees for time spent meeting and conferring with Plaintiff. [Dkt. 202 at 18.] However, courts in the Seventh Circuit have recognized that these sorts of tasks are made necessary by the opposing party's failure to provide the requested discovery, and may be included in attorney fees. *See Marcum v. Graphic Packaging Int'l, Inc.*, No. 1:13-CV-158, 2013 WL 5406236, at *3 (N.D. Ind. Sept. 25, 2013) ("Time spent communicating with opposing counsel, related to the motion to compel, can be included in attorney's fees." (citing *Maxwell v. South Bend Work Release Ctr.*, No. 3:09-CV-008-PPS-CAN, 2010 WL 4318800, at *5 (N.D. Ind. Oct. 25, 2010))). Courts in other circuits have treated Rule 37 fee awards differently, sometimes in light of local rules. *See Mattlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS (BLM), 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008) ("The local rules for the Southern District of California require counsel to meet and confer

before filing any discovery motion in an effort to resolve disputes (citation omitted). As such, fees associated with the initial meet and confer process logically should not always be included in a fee award.")

Similar to the Southern District of California, the Southern District of Indiana has a meet and confer requirement for discovery disputes in its local rules. S.D. Ind. L.R. 37–1. However, Federal Rule of Civil Procedure 37 also includes a meet and confer requirement, and federal courts have often allowed fees for meeting and conferring to be included in awarded attorney fees, *See Uszak v. Yellow Transp., Inc.*, No. 1:06-cv-00837, 2007 WL 2085403, at *8 (N.D. Ohio July 13, 2007), *aff'd in part, rev'd in part on other grounds* 343 F. App'x 102 (6th Cir. 2009) ("'Fees incurred in making the motion to compel' encompasses fees for researching, drafting, revising, and filing the motion to compel, as well as time spent reviewing and replying to opposing counsel's response and time spent at conferences and hearings held as a result of the motion to compel."); *see also Swapalease, Inc. v. Sublease Exchange.Com, Inc.*, No. 1:07-CV-45, 2009 WL 1119591, at *3 (N.D. Ohio Apr. 27, 2009) ("[B]ecause exhausting extrajudicial efforts to obtain discovery is a necessary first step before filing a motion to compel, [courts have] held that the related expenses [are] 'incurred in making the motion' within both the letter and spirit of Rule 37.") Defendants' time meeting and conferring with Plaintiff's counsel regarding this discovery dispute is properly included in the fee request.

Plaintiffs also argues that Defendants' time logs include entries for activities only "tangentially related to the Motion to Compel," such as for reviewing the Court's Order. However, this Court has awarded parties their attorneys' fees for "review[ing] the Court's order granting the motion to compel." *Slabaugh v. State Farm Fire & Cas.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 1767088, at *3 (S.D. Ind. May 1, 2014). These time entries are proper as well.

Finally, Plaintiff challenges all time entries that refer generically to "discovery disputes," of which the parties had many. [Dkt. 202 at 17.] Though many of the Defendants' billing entries make express reference to the "motion to compel," "forensic accounting," and "attorney work product," Defendants here bear the burden of demonstrating the reasonableness of all of the time entries for which it is requesting fees [Dkt. 171-1;] *Grady*, 2014 WL 6066049, at *2. The Colts' time entries all make express reference to the "motion to compel" or "forensic accounting." [Dkt.170-1.] However, this Court will not award fees to LISNR for the following time entries, which refer only generally to discovery concerns, which LISNR failed to adequately demonstrate were specific to the motion to compel: August 15, 2017 (Jenike-Godshalk); August 17, 2017 (Zych); August 17, 2017 (Feher); August 17, 2017 (Jenike-Godshalk); August 21, 2017 (Feher); August 22, 2017 (Feher); August 22, 2017 (Jenike-Godshalk); August 23, 2017 (Feher); August 24, 2017 (Feher); September 4, 2017 (Jenike-Godshalk); September 8, 2017 (Zych); September 14, 2017 (Feher); September 19, 2017 (Feher); September 20, 2017 (Zych); September 21, 2017 (Feher); September 21, 2017 (Jenike-Godshalk for 2.30 hours); September 21, 2017 (Jenike-Godshalk for 0.10 hours); September 22, 2017 (Feher); September 22, 2017 (Jenike-Godshalk); September 25, 2017 (Jenike-Godshalk); and October 26, 2017 (Jenike-Godshalk). [Dkt.171-1.] The Court is unable to determine whether these entries relate to the Motion to Compel at issue here, or some other discovery dispute. As discussed above, four of these time entry requests were already withdrawn by Defendants, reducing Defendants' possible fees by $2,160. [Dkt. 226 at 7–8.] Eliminating the remaining time entries listed from the attorneys' fees award reduces the fees due to LISNR by an additional $4,740. Therefore, LISNR is due $19,512 in fees, the Colts are due $25,000 in fees, and Defendants are together due a total of $44,512 in attorney fees.

### v. Responsibility for Payment of the Fees

Fed. R. Civ. P. 37(a)(5)(A) provides in relevant part that the Court may "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." In this case. Mr. Rackemann bears very little, if any, responsibility for the events which required Defendants to file the motion to compel. The documents at issue were created by or at the request of Edelson PC and were in the possession of Edelson PC. Edelson PC was involved in all the discussions regarding this dispute, including the Discovery Conference with the Court.

"When a party's attorney is at fault for a discovery violation, the appropriate remedy is to shift costs to the party's counsel." *Thompson v. Fajerstein*, No. 08-cv-3240, 2010 WL 4628515, at *1 (N.D. Ill. Nov. 8, 2010) (internal quotation and citation omitted). In that light, it is most proper for the Court to award the fees against the attorneys advising the conduct that resulted in the motion to compel. Edelson PC shall be responsible for the payment of the fees awarded by this order.

### Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Fees Pursuant to this Court's October 31, 2017 Order on Motion to Compel [Dkt. 168]; Plaintiff's counsel Edelson PC is ordered to pay LISNR $19,512 in fees, and to pay the Colts $25,000 in fees.

SO ORDERED.

Dated: 6 JUL 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.