UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ALAN RACKEMANN,                )
                                )
          Plaintiff,            )
                                )
          v.                    )   No. 1:17-cv-00624-TWP-MJD
                                )
LISNR, INC., et al.,            )
                                )
          Defendants.           )

**ORDER ON MOTIONS TO SEAL**
**[DKTS. 257, 299, 302, 265, 259, & 276]**

This matter is before the Court on multiple related motions to seal: *Defendants' Motion to Reconsider Order on Motion to Seal* [Dkt. 257]; *Defendant-Counter Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 299]; *Defendant-Counter Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 302]; *Plaintiff's Motion to Maintain Document Under Seal* [Dkt. 265]; *Defendants' Motion to Maintain Document Under Seal* [Dkt. 259]; and *Defendant-Counter Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 276]. The Court rules as follows:

   I.   **Motion to Reconsider Order on Motion to Seal [Dkt. 257]**

In this Motion, Defendants ask the Court to reconsider its Order on Motion to Seal [Dkt. 248]. Dkt. 248 granted Defendant LISNR's Motion to Seal [Dkt. 219], which asked the Court to seal Defendant LISNR, Inc.'s Second Amended Answer and Counterclaims [Dkt. 218]. LISNR filed a Brief in Support of its Motion to Seal [Dkt. 220] because it sought to seal Paragraph 77 of its Amended Counterclaims from Dkt. 218. Plaintiff filed a Brief in Support of LISNR's Motion

1

to Seal [Dkt. 241] because LISNR's Amended Counterclaims from Dkt. 218 contained information that Plaintiff sought to keep under seal. The Court granted in full LISNR's Motion to Seal [Dkt. 219] and ordered Defendant LISNR, Inc.'s Second Amended Answer and Counterclaims [Dkt. 218] sealed. However, the Court ruled on the motion to seal before the deadline for Defendants to file an objection or other response to Plaintiff's Proposed Redactions to LISNR's Second Amended Answers and Counterclaims [Dkt. 241-1], which were attached to Plaintiff's Brief in Support of LISNR's Motion to Seal. Defendants now move for reconsideration of the Court's Order on the ground that Plaintiff failed to show good cause for keeping the proposed redactions at Dkt. 241-1 under seal.

The district court may "reconsider . . . and reopen any part of a case before entry of final judgment." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). The Court exercises its discretion to reconsider its Order on Motion to Seal [Dkt. 248] based on the Declaration of Thomas Feher [Dkt. 257-1] and Defendants' brief in support of their *Motion to Reconsider* [Dkt. 258].

In the Seventh Circuit, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, a party may only file a document under seal if it has "good cause" for doing so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party has "good cause" to seal a document if it meets "the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002).

Plaintiff sought to keep under seal nine paragraphs of Defendant LISNR's Second Amended Answers and Counterclaims [Dkt. 218] as well as the names of any third parties.

Defendants' motion to reconsider [Dkt. 257] asks that the Court unseal those nine paragraphs. First, the motion to reconsider is **GRANTED** as to third-party names since names do not constitute protected information pursuant to Fed. R. Civ. P. 5.2.

Second, the Court considers each of the nine paragraphs of LISNR's Second Amended Counterclaims challenged by Defendants:

- Paragraph 22 [Dkt. 218 at 16-17] describes an Edelson attorney's assertion that the Colts App and a similar App used by the Golden State Warriors are similar in that they both listen to the user through the phone microphone, which according to the Edelson attorney is a violation of the Wiretap Act.

- Paragraph 33 [Dkt. 218 at 19-20] describes how Edelson copied its complaint for the Colts App from its earlier complaint regarding the Warriors App.

- Paragraph 39 [Dkt. 218 at 21] describes how Edelson attorneys considered describing the Colts App recording mechanism within the context of its Complaint.

- Paragraph 41 [Dkt. 218 at 22] describes the microphone settings within the Colts App as it relates to Plaintiff's Wiretap Act claim.

- Paragraph 48 [Dkt. 218 at 23] mentions the Edelson attorney handling the Warriors App and his thoughts on the Colts App Complaint.

- Paragraph 65 [Dkt. 218 at 27] describes an Edelson employee's characterization of how Plaintiff alleges the Colts App operates.

- Paragraph 68 [Dkt. 218 at 27] describes an email from an Edelson employee reaching out to a Colts App user as a potential client regarding Plaintiff's allegations against Defendants.

- Paragraph 69 [Dkt. 218 at 28] describes how an Edelson employee described the Court's denial of Defendants' Motion to Dismiss as a validation of Plaintiff's allegations against Defendants.
- Paragraph 72 [Dkt. 218 at 28] provides a sample email from Edelson to potential clients regarding the Colts App.

Nothing in any of these paragraphs describes proprietary business models, nor do any of these paragraphs contain any "trade secrets" defined for the purposes of documents kept under seal. Further, the only information from Edelson's communications with clients are Edelson's initial emails to Colts App users who were, at the time of the initial email, only potential clients. Therefore, Plaintiff does not have sufficient grounds for keeping under seal the proposed redactions in these nine paragraphs from Dkt. 241-1. Defendants' motion to reconsider [Dkt. 257] is **GRANTED** as to these nine paragraphs.

In reconsidering Defendant LISNR's Motion to Seal [Dkt. 219], this Court believes that Paragraph 77 of LISNR's Second Amended Counterclaims from Dkt. 218 should not be redacted in full. Only the portion that describes LISNR's confidential source code should be redacted. Thus, neither the first two lines of Paragraph 77, nor the first fourteen words of line three (ending with "App") should be redacted. Therefore, Defendants' motion to reconsider [Dkt. 257] is **GRANTED IN PART** and **DENIED IN PART** as to Paragraph 77. The Court orders Defendants **within ten (10) days** of the issuance of this order to file a revised redacted copy of LISNR's Second Amended Answers and Counterclaims [Dkt. 218] consistent with this order.

II. **Motions to Seal Pending Ruling on Dkt. 257 [Dkt. 299 & Dkt. 302]**

Dkt. 299 asks the Court to maintain under seal LISNR's Objections to Magistrate Judge Dinsmore's Report and Recommendation ("Objections"), namely Dkt. 298, pending disposition

of Defendants' Motion to Reconsider Order on Motion to Seal [Dkt. 257], which is addressed above. Plaintiff filed a brief in support, arguing that the portions of the Objections should be sealed because they reveal aspects of Edelson PC's confidential and proprietary inner-workings. [Dkt. 304 at 2.] As the motion recognizes, the disposition of Dkt. 299 turns on the disposition of the Motion to Reconsider. Plaintiff apparently concurs. [See Dkt. 304 at 2 (noting LISNR's agreement that if the Court denies the motion to reconsider, then the identified portions of the Objections can remain under seal).]

The Court has granted in part and denied in part the Motion to Reconsider as addressed above. The portions of the Objections at issue in Dkt. 299 do not involve Paragraph 77 of LISNR's Second Amended Counterclaims, which was the only portion of the Second Amended Counterclaims that the Court has ordered to be maintained under seal (albeit only a portion of Paragraph 77). Therefore, the Court **DENIES** the Motion to Maintain Document Under Seal [Dkt. 299]. The Clerk is directed to unseal the document filed at Dkt. 298.

Relatedly, Dkt. 302 asks the Court to maintain under seal LISNR's Response to Counter-Defendants' Objections to Magistrate Judge Dinsmore's Report and Recommendation filed at Dkt. 301, pending disposition of the Defendants' Motion to Reconsider. [Dkt. 257] As Plaintiff argues in his brief in support of the motion to seal, "the Objection references the same documents and information that the Court previously ordered to be sealed" and he seeks to maintain under seal "those portions of the Objection that again 'reference materials that reveal Edelson PC's proprietary business practices and communications between Edelson PC and non-party putative class action members.'" [Dkt. 306 at 2 (citing Dkt. 248).] As the reader might imagine, the motion at Dkt. 302 will be **DENIED** for the same reasons Dkt. 257 is denied. The Clerk is directed to unseal the document filed at Dkt. 301.

### III. Motion to Maintain Document Under Seal [Dkt. 265]

In this motion, Plaintiff seeks to seal its Proposed Redactions of LISNR's Second Amended Answers and Counterclaims [Dkt. 241-1] because Plaintiff inadvertently failed to redact Paragraph 77 of LISNR's Amended Counterclaims from Dkt. 218. Pursuant to Local Rule 5-11, Defendant LISNR filed a Brief in Support of Plaintiff's Motion to Maintain Document Under Seal. [Dkt. 274.] Defendant asserts Dkt. 241-1 should be maintained under seal because Paragraph 77 of LISNR's Amended Counterclaims describes LISNR's "Confidential Source Code" and as such should remain confidential. Given this Court's ruling on the *Motion to Reconsider Order on Motion to Seal* [Dkt. 257], *Plaintiff's Motion to Maintain Document Under Seal* [Dkt. 265] is **GRANTED IN PART**. The Clerk is directed to permanently seal Dkt. 241-1.

### IV. Motions to Seal [Dkt. 259 and Dkt. 276]

The Court now considers *Defendants' Motion to Maintain Document Under Seal* [Dkt. 259] and *Defendant/Counter-Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 276]. Dkt. 259 seeks to maintain under seal Defendants' Memorandum in Support of Defendants' Motion to Reconsider Order on Motion to Seal [Dkt. 258] pending the disposition of Defendants' Motion to Reconsider [Dkt. 257]. Dkt. 276 seeks to maintain under seal LISNR's Memorandum in Opposition to Motion to Dismiss Counterclaims [Dkt. 275] pending the disposition of Defendants' Motion to Reconsider [Dkt. 257].

The motions seek sealing based upon information designated confidential by Plaintiff that the Court has decided should not be sealed. Given the ruling on the *Motion to Reconsider Order on Motion to Seal* [Dkt. 257], the Court **DENIES** *Defendants' Motion to Maintain Document Under Seal* [Dkt. 259] and **DENIES** *Defendant LISNR's Motion to Maintain Document Under Seal* [Dkt. 276]. The Clerk is directed to unseal both Dkt. 258 and Dkt. 275.

## V.   Conclusion

For the reasons stated, *Defendants' Motion to Reconsider Order on Motion to Seal* [Dkt. 257] is **GRANTED** as to the nine identified paragraphs from Dkt. 241-1 and the third party names and **GRANTED IN PART AND DENIED IN PART** as to the identified portion of Paragraph 77 of LISNR's Amended Counterclaims in Dkt. 218.

*Defendant/Counter-Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 299] is **DENIED** and the Clerk is directed to unseal the document filed at Dkt. 298.

*Defendant/Counter-Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 302] is **DENIED** and the Clerk is directed to unseal the document filed at Dkt. 301.

*Plaintiff's Motion to Maintain Document Under Seal* [Dkt. 265] is **GRANTED IN PART** and the Clerk is directed to permanently seal Dkt. 241-1.

*Defendants' Motion to Maintain Document Under Seal* [Dkt. 259] is **DENIED** and the Clerk is directed to unseal Dkt. 258.

*Defendant-Counter Plaintiff LISNR, Inc.'s Motion to Maintain Document Under Seal* [Dkt. 276] is **DENIED** and the Clerk is directed to unseal Dkt. 275.

The Court **ORDERS** that within ten (10) days of the date of this order Defendant LISNR shall submit a revised redacted copy of LISNR's Second Amended Answers and Counterclaims [Dkt. 218] consistent with this order.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this order shall be unsealed after twenty-one days absent a Fed. R. Civ. P. 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  6 AUG 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Rafey S. Balabanian
EDELSON PC
rbalabanian@edelson.com

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
tbarnard@taftlaw.com

David J. Bender
COVINGTON & BURLING LLP
dbender@cov.com

Eric C. Bosset
COVINGTON & BURLING LLP
ebosset@cov.com

Thomas L. Feher
THOMPSON HINE LLP (Cleveland)
tom.feher@thompsonhine.com

Katharine Goodloe
COVINGTON & BURLING LLP
kgoodloe@cov.com

Jesse Jenike-Godshalk
THOMSPON HINE LLP
Jesse.Jenike-Godshalk@ThompsonHine.com

Kevin Kelly
COVINGTON & BURLING LLP
kkelly@cov.com

John F. McCauley
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
jmccauley@bgdlegal.com

Erica C Mirabella
132 Boylston Street
Boston, MA 02116

Eve-Lynn Rapp
EDELSON PC
erapp@edelson.com

Benjamin H. Richman
EDELSON PC
brichman@edelson.com

Benjamin Thomassen
EDELSON PC
bthomassen@edelson.com

David O. Tittle
BINGHAM GREENEBAUM DOLL LLP (Indianapolis)
dtittle@bgdlegal.com

Thomas F. Zych
THOMPSON HINE LLP
tom.zych@thompsonhine.com